**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4082

JEFFREY LYNN MYERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CR-90-10-ST-V)

Submitted: May 29, 1997

Decided: June 23, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North
Carolina, for Appellant. Mark T. Calloway, United States Attorney,
H. Thomas Church, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jeffrey L. Myers appeals from his sentence imposed pursuant to a retroactive amendment to the United States Sentencing Guidelines. We affirm.

Myers' attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court erred in refusing to depart downward on three grounds. First, the attorney argues that Myers' classification as a career offender overstates the seriousness of his criminal history and thus warrants a departure under United States Sentencing Commission, <u>Guidelines Manual</u> , § 4A1.3 (Nov. 1995). Next, he argues that this classification overstates the seriousness of the offense of conviction. Finally, he argues that Myers' extraordinary post-conviction rehabilitative efforts and achievements merit a downward departure.

A district court's discretionary decision not to depart is not reviewable unless it is based on a mistaken belief that the court lacked the legal authority to depart. <u>See United States v. Bayerle</u>, 898 F.2d 28, 31 (4th Cir. 1990). Looking to the first of Myers' proffered bases for departure, we note that neither in his written objections nor during the sentencing hearing did Myers provide any factual argument as to why classification as a career offender overstates the seriousness of Myers' criminal history. Instead, the objections state only that should the court find the classification appropriate, it had the authority to depart downward. Because nothing in the record suggests that the district court was unaware of this authority, we do not review this claim.

Looking to the second of Myers' proffered bases, the district court expressed no uncertainty as to its departure authority. Instead, it clearly stated that, in its opinion, the facts of Myers' case did not warrant a departure. Accordingly, because its refusal to depart was not based upon an erroneous perception regarding departure authority, we do not review this claim.

Finally, addressing Myers' third claim, the sentencing court stated that it was not aware of any law that would recognize such a depar-

2

ture, but noted that even if it were to make one, it did not believe that a departure was warranted in Myers' case. Accordingly, even though this Court has subsequently held that post-conviction rehabilitation may constitute a sufficient basis for downward departure, United States v. Brock, 108 F.3d 31 (4th Cir. 1997), the sentencing court's indication that it did not believe the facts warranted departure renders its decision unreviewable.

In accordance with Anders, we have examined the entire record of Myers' resentencing and find no reversible error. We therefore affirm Myers' sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

3