UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4042

JACKIE CLAYTON COCKRANE, a/k/a
Jackie Clayton Cochrane,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-97-99)

Submitted: October 27, 1998

Decided: November 18, 1998

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Brian J. Kornbrath, Assis-
tant Federal Public Defender, Charleston, West Virginia, for Appel-
lant. Rebecca A. Betts, United States Attorney, John L. File, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jackie Clayton Cockrane appeals from the twenty-seven-month sentence imposed upon his guilty plea to escape from a federal institution, in violation of 18 U.S.C. § 751(a) (1994). Cockrane claims that the district court erred in denying his request for a downward departure on the basis of duress under U.S.S.G. 5K2.12. **1** For the reasons that follow, we dismiss in part and affirm in part.

On January 22, 1997, Cockrane walked away from the Federal Prison Camp in Beckley, West Virginia, where he was serving a one-year sentence for a prior conviction. According to Cockrane, he paid an individual for the use of his car so that he could travel to Gastonia, North Carolina, to attend to his common-law wife, Elizabeth Wery, and was planning to return that evening. Wery was diagnosed with throat cancer in May 1996. Although Cockrane's supervised release was revoked on June 3, 1996, the court permitted him to delay reporting for his sentence until August 1996 to that he could be with Wery while she underwent medical treatment. Wery, who had a history of substance abuse, was prescribed Xanax during the course of her treatment. In November 1996, Cockrane learned that Wery had become addicted to Xanax and that a friend of his was supplying it to her. Cockrane requested a furlough so that he could go to Gastonia to check on Wery. After learning that he was denied permission to go home, he walked away from the prison camp.

At sentencing, Cockrane moved for a downward departure under § 5K2.12, asserting that he had escaped under the duress caused by Wery's health. The district court concluded, after reviewing the Guideline and United States v. McCrary, 887 F.2d 485 (4th Cir. 1989), that "the facts of the instant case did not fit within the para-

_____

**1** **U.S. Sentencing Guidelines Manual** (Nov. 1997).

2

digm set forth in the Guidelines," and, therefore, that it "had no authority to grant a downward departure pursuant to U.S.S.G. § 5K2.12."[2]

We review de novo the district court's interpretation of the legal standard to be applied to a request for a downward departure. See United States v. Rybicki, 96 F.3d 754, 758 (4th Cir. 1996). Unless this court finds that the district court erroneously believed that it did not have the discretion to depart downward, this court will not review the district court's discretionary refusal to depart downward from the applicable guideline range. See United States v. Brock, 108 F.3d 31, 33 (4th Cir. 1997); United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990).

Although not entirely clear from the transcript of the sentencing hearing and post-sentencing memorandum, we find that the district court recognized its discretion to depart downward but, based on the facts presented, chose not to do so. Judge Faber stated that the legal standard for a downward departure under § 5K2.12 is whether the duress involved a threat of physical injury to the person or property of the defendant by a third party. Because this is the appropriate legal standard, we do not have jurisdiction to reach the issue of whether the district court properly found a downward departure unwarranted by the facts of this case. See United States v. Brock, 108 F.3d at 33.

Next, Cockrane asserts that the district court should have con-ducted a separate analysis of "defense of others" as a ground for departure. Because he did not raise this claim before the district court, we review for plain error. See United States v. Olano, 507 U.S. 725, 732-35 (1993). This court may consider a claim not raised below if:

_____

**2** Section 5K2.12 provides, in relevant part:

> If the defendant committed the offense because of serious coer-cion, blackmail or duress, under circumstances not amounting to a complete defense, the court may decrease the sentence below the applicable guideline range. . . . Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or simi-lar injury resulting from the unlawful action of a third party or from a natural emergency.

3

(1) there is an error; (2) the error is plain; (3) the error affects substantial rights; and (4) the court determines, after examining the particulars of the case, that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." <u>Olano</u>, 507 U.S. at 732. We find that the district court's failure to sua sponte depart on a ground other than that asserted by Cockrane was not plainly erroneous.

Accordingly, we dismiss the appeal as to Cockrane's first claim and affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>DISMISSED IN PART; AFFIRMED IN PART</u>

4