**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4405

DONALD REECE BROCK,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-95-83)

Argued: January 29, 1997

Decided: February 28, 1997

Before RUSSELL and WILKINS, Circuit Judges, and HERLONG,
United States District Judge for the District of South Carolina,
sitting by designation.

_____

Vacated and remanded for resentencing by published opinion. Judge
Wilkins wrote the opinion, in which Judge Russell and Judge Herlong
joined.

_____

**COUNSEL**

**ARGUED:** Eric David Placke, Assistant Federal Public Defender,
Greensboro, North Carolina, for Appellant. Scott Patrick Mebane,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee. **ON BRIEF:** William E. Martin, Federal Public Defender,

Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Donald Reece Brock appeals the sentence imposed by the district court following his plea of guilty to two counts of credit card fraud, see 18 U.S.C.A. § 1029(a)(2) (West Supp. 1996), maintaining that the district court erred in refusing to depart downward based upon his post-offense rehabilitation efforts. Because the district court believed that it lacked the authority to depart, and because extraordinary or exceptional efforts at rehabilitation could possibly constitute a proper basis for consideration of a downward departure, we vacate the sentence imposed and remand to permit the district court to consider whether Brock's rehabilitation efforts were exceptional and, if so, whether departure is warranted.

I.

The presentence report recommended that Brock's guideline range was 12 to 18 months imprisonment and that no basis for departure was present. Brock objected to this latter recommendation, asserting that the district court should depart downward based upon his rehabilitation efforts. The district court indicated that if it were permitted to do so, it would consider departing downward by one level to permit Brock to maintain his employment while serving a portion of his sentence in home detention and a portion in some other type of community detention center. The district court, however, correctly recognized that it was then bound by the decision of this court in United States v. Van Dyke, 895 F.2d 984, 986-87 (4th Cir. 1990) (holding that post-offense rehabilitation efforts may be considered for an acceptance of responsibility adjustment, but may not be a mitigating circumstance providing a basis for downward departure), and hence refused to depart, imposing a sentence of one year and one day imprisonment. Brock appeals.**1**

_____

**1** The district court stayed imposition of the sentence pending this appeal.

2

II.

This court lacks authority to review a decision of a district court not to depart from the applicable guideline range when that decision rests upon a determination that a departure is not warranted. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990); 18 U.S.C.A. § 3742(a), (b) (West 1985 & Supp. 1996). However, we may review the decision of a district court not to depart when that determination is grounded upon a belief that the court lacks the legal authority to depart. See Bayerle, 898 F.2d at 31. Here, the district court candidly revealed that its refusal to consider a departure was because it believed that it was prohibited from doing so by the law of this circuit. Thus, we may entertain this appeal and turn to address its merits.

Congress has instructed that a district court must impose a sentence within the range that results from the proper application of the guide-lines "unless the court finds that there exists an aggravating or miti-gating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C.A. § 3553(b) (West Supp. 1996). The parties agree that when the district court imposed Brock's sentence, the law of this circuit prohibited a departure based upon post-offense rehabili-tation efforts. See Van Dyke, 895 F.2d at 986-87. In Van Dyke, we held that post-offense rehabilitation efforts did not constitute a miti-gating factor that was not adequately taken into consideration in the guidelines and, thus, that this factor could not provide an appropriate basis for departure. See id. We reasoned that the guidelines took post-offense rehabilitation into account because the commentary to the guidelines expressly instructed that such efforts be considered in determining whether an adjustment to the offense level for acceptance of responsibility should be awarded. See id.; U.S. Sentencing Guide-lines Manual § 3E1.1, comment. (n.1(g)) (1995).

Following the imposition of Brock's sentence by the district court, however, the Supreme Court issued its decision in Koon v. United States, 116 S. Ct. 2035 (1996), which illuminated the analysis a court must employ in assessing whether it may depart from the applicable guideline range. The Court explained that when assessing whether a

3

potential basis for departure was adequately considered by the Commission in formulating the guidelines, the correct inquiry necessarily focuses on whether the factor is addressed by the guidelines, policy statements, or official commentary and whether it is encompassed within the heartland of situations to which the guidelines were intended to apply. Id. at 2044-45; see also U.S.S.G. Ch. 1, Pt. A, intro. comment. 4(b). Further, Koon rejected the reasoning that we employed in Van Dyke and made clear that:

> [A] federal court's examination of whether a factor can ever be an appropriate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of the factor. If the answer to the question is no--as it will be most of the time--the sentencing court must determine whether the factor, as occurring in the particular circumstances, takes the case outside the heartland of the applicable [g]uideline.

Koon, 116 S. Ct. at 2051. Thus, the unmistakable teaching of Koon is that only those factors on which the Commission has forbidden reliance--e.g., drug or alcohol dependence or abuse (U.S.S.G. § 5H1.4, p.s.); race, sex, national origin, creed, religion, or socio-economic status (U.S.S.G. § 5H1.10, p.s.); lack of youthful guidance or similar circumstances indicating a disadvantaged upbringing (U.S.S.G. § 5H1.12, p.s.); personal financial difficulties or economic pressure on a trade or business (U.S.S.G. § 5K2.12, p.s.)--never may provide an appropriate basis for departure. Koon , 116 S. Ct. at 2050-51. All others potentially may provide a basis for departure under appropriate circumstances. See id.

Read in isolation, the assertion by the Court in Koon that all factors except those expressly prohibited by the Commission may furnish an appropriate foundation for departure could be viewed as undermining the sentencing guidelines and Congress' goal of eliminating unwarranted disparity in the sentencing of similar offenders for similar offenses. Read in conjunction with the deferential abuse-of-discretion standard the Court announced was appropriate for reviewing departure decisions of the district courts, it might be argued that Koon sounds the death knell for Congress' goal of consistency in sentencing. Such fears are unfounded because, obviously, this was not what

4

the Court intended, nor what will result, if the standards that the Court established are properly applied. For in the same breath in which the Court acknowledged that only those factors expressly forbidden by the Commission may be excluded categorically as bases for departure, the Court carefully affirmed that departures from the guidelines must be the exception, not the rule. Indeed, the Court emphasized that in order for a departure to be an appropriate exercise of the discretion granted to a district court, the unique circumstances presented must take the case out of the heartland of the applicable guideline and make the situation one in which a sentence outside the guideline range should result. See id. at 2044 (citing U.S.S.G. Ch. 1, Pt. A, intro. comment. 4(b) for the proposition "that the Commission did not adequately take into account cases that are, for one reason or another, `unusual'"); id. ("`The Commission intend[ed] the sentencing courts to treat each guideline as carving out a "heartland," a set of typical cases embodying the conduct that each guideline describes.'" (quoting U.S.S.G. Ch. 1, Pt. A., intro. comment. 4(b))); id. ("Atypical cases were not adequately taken into consideration, and factors that may make a case atypical provide potential bases for departure." (internal quotation marks omitted)); id. at 2046 ("Before a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the [g]uideline.").

When a factor has not been forbidden by the Commission--and it is thus a potential basis for departure--in order to determine whether that factor actually may support a departure, the court must ascertain into which of the following categories the factor falls: (1) the factor was encouraged by the Commission as a basis for departure and was either (a) taken into account in the applicable guideline itself or (b) not taken into account in the guideline; (2) the factor was discouraged by the Commission as a basis for departure; or (3) the factor was unmentioned by the Commission. See id. at 2045. Koon instructs that different inquiries are germane depending upon which of these categories a factor falls into. Id.; See United States v. Rybicki, 96 F.3d 754, 757-58 (4th Cir. 1996); United States v. Hairston, 96 F.3d 102, 105-06 (4th Cir. 1996), cert. denied, 65 U.S.L.W. ___ (U.S. Feb. 18, 1997) (No. 96-944).

If a factor is one upon which the Commission encourages departure, and it is not taken into account by the applicable guideline, a

5

court may exercise its discretion and depart on that basis. See Koon, 116 S. Ct. at 2045; Rybicki, 96 F.3d at 757-58. If an encouraged factor is taken into account in the applicable guideline, or if a factor is a discouraged one, then departure is permissible "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Koon, 116 S. Ct. at 2045. Similarly, if a factor is neither encouraged nor discouraged, but listed by the Commission as one appropriately considered in applying an adjustment to the guidelines, a court may depart only if the factor is present to such an exceptional or extraordinary degree that it removes the case from the heartland of situations to which the guideline was fashioned to apply. See Hairston, 96 F.3d at 107. Finally, if a factor is one that is unmentioned by the guidelines, a court must, taking into consideration "the`structure and theory of both relevant individual guidelines and the [g]uidelines taken as a whole,'" determine whether the circumstances presented are sufficient to remove the case from the heartland of the applicable guideline. Koon, 116 S. Ct. at 2045 (quoting United States v. Rivera, 994 F.2d 942, 949 (1st Cir. 1993)); see Rybicki, 96 F.3d at 758; Hairston, 96 F.3d at 106.

Applying these principles, it is clear that our holding in Van Dyke that post-offense rehabilitation can never form a proper basis for departure has been effectively overruled by Koon . The Sentencing Commission has not expressly forbidden consideration of post-offense rehabilitation efforts; thus, they potentially may serve as a basis for departure. Because the acceptance of responsibility guideline takes such efforts into account in determining a defendant's eligibility for that adjustment, however, post-offense rehabilitation may provide an appropriate ground for departure only when present to such an exceptional degree that the situation cannot be considered typical of those circumstances in which an acceptance of responsibility adjustment is granted.

III.

The district court was governed by Van Dyke and did not have the

6

benefit of the <u>Koon</u> decision when it ruled. Therefore, we vacate Brock's sentence and remand for further proceedings. **2**

<u>VACATED AND REMANDED FOR RESENTENCING</u>

_____

**2** Recognizing that it could not depart, the district court had no occasion to set forth specific factual findings concerning what efforts on Brock's part it considered exceptional enough to make the case atypical of those situations in which the acceptance of responsibility adjustment usually applies based on post-offense rehabilitation. We wish to emphasize the importance of such factual findings to our appellate function if further review of the sentence imposed on remand is required. <u>Cf. United States v. Harvey</u>, 885 F.2d 181, 182-83 (4th Cir. 1989) (stressing the importance of express factual findings to the exercise of our appellate review).