**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellant,</u>

v.

No. 96-4904

GREGORY STEVEN LATHROP, a/k/a
Greg,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-96-84)

Submitted: July 15, 1997

Decided: October 17, 1997

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Helen F. Fahey, United States Attorney, Fernando Groene, Assistant
United States Attorney, Norfolk, Virginia, for Appellant. James S.
Ellenson, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The United States appeals the 120-month sentence imposed on Gregory Steven Lathrop following his conviction of conspiracy to distribute methamphetamine, 18 U.S.C. § 846 (1994), and two counts of possession of methamphetamine with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1997). The government contends that the district court abused its discretion in departing downward based on a combination of two factors: Lathrop's age (42) and lack of prior felony criminal convictions. Because we find that the district court erred in departing on these grounds, we vacate the sentence and remand for resentencing within the guideline range.

The district court must impose a sentence within the guideline range unless it determines that individual facts present in the case take the case outside the "heartland" of typical cases embodied in the conduct covered by the applicable guideline. Before departing, the sentencing court should determine whether the factor on which it is considering a departure has been forbidden, encouraged, discouraged, or unmentioned as a possible basis for departure by the Sentencing Commission. See Koon v. United States, #6D 6D6D# U.S. ___, 64 U.S.L.W. 4512, 4516-17 (U.S. June 13, 1996) (No. 94-1664/8842); United States v. Wilson, 114 F.3d 429, ___, 1997 WL 269332, at *4 (4th Cir. May 22, 1997) (following Koon). Forbidden factors may never be grounds for departure. If the factor being considered is a discouraged factor, it may support a departure only if (1) the court finds that it is present to an extraordinary degree which takes the case outside the heartland of ordinary cases encompassed by the guideline, and (2) the court determines that the factor is important enough that a departure "should result." Id. Similarly, if a factor is encouraged but the applicable guideline takes it into account, then it may justify a departure only if it "`is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.'"

2

See United States v. Brock, 108 F.3d 31, 34-35 (4th Cir. 1997) (quoting Koon). In an extraordinary case, a combination of factors which are "not ordinarily relevant" to a departure decision may cause the case to "differ significantly from the `heartland' of cases in a way that is important to the statutory purposes of sentencing, even though none of the characteristics or circumstances individually distinguishes the case." USSG § 5K2.0, comment.* A departure would be possible in such a case, but such a case would be "extremely rare." Id.

A defendant's age is a discouraged basis for departure. Under USSG § 5H1.1, p.s., a defendant's age may be a ground for departure if the defendant is "elderly and infirm." Lathrop is neither and, as the district court acknowledged, his age alone was not a ground for departure.

The Sentencing Commission has forbidden a downward departure premised on a defendant's lack of countable criminal history points. USSG § 4A1.3, p.s. ("The lower limit of the range for Criminal History Category I is set for a first offender with the lowest risk of recidivism. Therefore, a departure below the lower limit of the guideline range for Criminal History Category I on the basis of the adequacy of criminal history cannot be appropriate."); see also Koon, 64 U.S.L.W. at 4520-21.

A departure may be based on a combination of factors in a rare case only when all the factors are "not ordinarily relevant" to a departure decision. Because one of the factors on which the district court relied in this case was a forbidden factor which can never justify a departure, we find that the court erred in departing below the guideline range.

Accordingly, we vacate the sentence and remand for resentencing within the guideline range. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED
_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

3