**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4572

NELSON MANUEL CABRERA,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-96-37)

Submitted: December 30, 1997

Decided: January 15, 1998

Before HALL, MURNAGHAN, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Arnold L. Husser, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Nelson Manuel Cabrera pleaded guilty to making a false statement in a passport application in violation of 18 U.S.C.§ 1542 (1994), and was sentenced to twenty-one months' imprisonment. Cabrera now appeals arguing that the district court should not have departed upward in imposing his sentence. Finding no abuse of discretion, we affirm.

In December 1995, Cabrera applied for a "new" passport at a local United States Postal Service Station under the name of "Nelson Padilla," claiming that he lost his old passport. He completed both a passport application and a lost or stolen passport form. In his application, he listed a false birth date and social security number, and alleged that his parents were United States citizens and that he was previously issued a valid passport. He further submitted false identification documents bearing the name "Nelson Padilla," and swore to the veracity of his statements.

In October 1996, police arrested Cabrera during a traffic stop after discovering over 700 grams of crack cocaine in his possession. Cabrera subsequently pleaded guilty in North Carolina state court to drug trafficking by possession and was sentenced to 70 to 84 months imprisonment. After the United States Department of State determined that Cabrera's application was false, officials at the detention center notified federal authorities that Cabrera resembled a person depicted as "wanted." When interviewed by officials, Cabrera admitted that his true name is Nelson Manuel Cabrera, that he is a citizen of the Dominican Republic, and that he applied for the passport in December 1995 supplying false information.

Based on the Sentencing Guidelines, a presentence report assigned Cabrera an offense level of four including a two-point reduction for acceptance of responsibility. The report placed Cabrera in a criminal history category of V after consideration of three drug-related convictions, the fact that Cabrera was on parole at the time of the offense, and the fact that the instant offense was committed within two years of release from custody for his second conviction. See USSG

2

§§ 4A1.1(d), (e); Chapter 5, Part A.* Under a total offense level of 4 and a criminal history category of V, Cabrera's guideline range for imprisonment was 4 to 10 months.

The Government moved for an upward departure from the guideline range maintaining that the resulting criminal history category did not adequately reflect the seriousness of Cabrera's past criminal conduct and the likelihood of his committing other crimes. At sentencing, Cabrera opposed the motion, arguing that all necessary considerations were already taken into account in the criminal history category and that therefore an upward departure was not warranted. The district court granted the motion for upward departure and sentenced Cabrera to 21 months' imprisonment.

We review the district court's decision to depart upward from the applicable guideline range for an abuse of discretion. See Koon v. United States, ___ U.S. ___, #6D6D 6D#, 64 U.S.L.W. 4512, 4516-17 (U.S. June 13, 1996) (No. 94-1664/8842); United States v. Rybicki, 96 F.3d 754, 756-57 (4th Cir. 1996). The court may depart from the guideline range if it identifies a factor which is an encouraged basis for departure and not taken into account by the applicable guideline. See United States v. Brock, 108 F.3d 31, 34 (4th Cir. 1997). If an encouraged factor is taken into account by the guidelines, departure is still permissible if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate. See id. at 34-35; USSG § 5K2.0. An inadequate criminal history category is an encouraged ground for departure under USSG§ 4A1.3. This provision allows for departure from the otherwise applicable guideline range where the defendant's criminal history category under-represents his past criminal conduct or the likelihood that he will commit future crimes.

The court stated several factors in deciding to grant the motion for an upward departure. The court noted that Cabrera committed the subject offense after deportation proceedings against him had begun and that his false application for a passport was a strong indication that he planned to return to this country illegally under a false name. Additionally, Cabrera committed the instant offense as well as a drug-

_____

*See U.S. Sentencing Guidelines Manual (1996).

3

related offense for which he was prosecuted in state court while on a detainer filed by the Immigration & Naturalization Service. The pre-sentence report further revealed that Cabrera repeatedly used false, stolen documents to obtain new aliases and that Cabrera had used over six aliases in the past. In light of these factors, many of which were not accounted for by the guidelines, the court found that the criminal history category did not adequately reflect the seriousness of Cabrera's past criminal conduct and the likelihood that he would commit other crimes.

The court also looked to the specific offense characteristic in USSG § 2L2.1(b)(3) (trafficking in passports) which directs the court to increase the base offense level by 4 "[i]f the defendant knew, believed, or had reason to believe that a passport or visa was to be used to facilitate the commission of a felony offense, other than an offense involving violation of the immigration laws." Cabrera's criminal record discloses that for many years Cabrera engaged in drug trafficking activity under different aliases and supplied these false identities when arrested for narcotics violations. In light of these considerations, we find that the district court did not abuse its discretion in granting the Government's motion for an upward departure.

We therefore affirm Cabrera's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4