UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 98-4205

DIANNE DURHAM ALL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-96-55)

Submitted: August 31, 1998

Decided: September 16, 1998

Before ERVIN and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dorothy P. Dillon, Rocky Mount, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Jennie L.M. Waering, Assistant
United States Attorney, Thomas E. Booth, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Diane Durham All appeals the 36-month sentence she received for bank fraud, 18 U.S.C. § 1344 (1994). In her first appeal, we remanded for resentencing because the district court departed without giving reasonable notice. See United States v. All, No. 96-4883 (4th Cir. Nov. 18, 1997) (unpublished). On remand, the district court imposed the same sentence. All contests the district court's upward departure pursuant to USSG § 5K2.5, p.s. (Property Damage or Loss),* and USSG § 5K2.8, p.s. (Extreme Conduct). We affirm.

Between 1988 and 1995, while ostensibly assisting her retired parents with their financial affairs, All converted $133,681 of their money to her own use. This amount represented most of her parents' life savings. The loss left them with no income except Social Security. All made no objection to her sentence calculation, which included an adjustment for vulnerable victims. See USSG § 3A1.1. Her guideline range was 15-21 months imprisonment. The district court determined that the two-level vulnerable victim adjustment did not adequately account for the harm All's offense had caused and departed upward to a sentence of 36 months imprisonment.

A district court's decision to depart is reviewed for abuse of discretion. Koon v. United States, 518 U.S. 81, 99-100 (1996). A departure may be based on a factor for which the Sentencing Commission encourages departure unless the factor is already taken into account in the applicable guidelines. If the factor is taken into account, a departure may be affirmed "only if the factor is present to an exceptional degree or in some way makes the case different from the ordinary case where the factor is present." United States v. Brock, 108 F.3d 31, 34 (4th Cir. 1997) (quoting Koon, 518 U.S. at 96). The dis-

_____

*U.S. Sentencing Guidelines Manual (1997).

2

trict court's decision that an encouraged factor has not been adequately taken into account by the applicable guideline is reviewed de novo. See United States v. Rybkcki, 96 F.3d 754, 757-58 (4th Cir. 1996). The district court's decision that the facts and circumstances of the case warrant departure and the extent of the departure are reviewed for abuse of discretion. Id. at 758. Here, while the district court based its departure on two encouraged factors, All argues that her conduct was not extreme and that her parents' vulnerability and the amount of their loss were taken into account in the sentence calculation.

Examples of extreme conduct cited in USSG § 5K2.8 include torture, gratuitous infliction of injury, or prolonging of pain or humiliation. It is the last example which resonates in this case. The district court found that All had destroyed her parents' life savings and retirement income, leaving them with a bleak future. The court also determined that All had inflicted unusual pain on her parents which warranted a departure for extreme conduct, and that, because the harm was not entirely taken into account under the fraud guideline, a departure was justified for the property loss.

Although the district court focused on USSG § 5K2.5 and USSG § 5K2.8, the commentary to USSG § 2F1.1 provides additional support for the court's decision to depart. Application Note 10 recognizes that in some fraud cases the monetary loss does not fully account for the harmfulness and seriousness of the defendant's conduct. In such cases, reasonably foreseeable non-monetary harm, psychological harm, or the knowing endangerment of the solvency of a victim may be the basis for a departure. See USSG § 2F1.1, comment. (n.10); United States v. Dobish, 102 F.3d 760, 763 (6th Cir. 1996) (prolonged nature of crime, psychological injury and threat to victims' solvency warranted departure). Although the district court did not cite this commentary, its reasoning was similar. Our review of the record persuades us that the district court did not err in deciding that in this case the guidelines did not fully account for the harm done. We find further that the district court did not abuse its discretion in deciding to depart, or in departing to a sentence of thirty-six months.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented

3

in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4