**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                      No. 98-4187

JEFFREY LYNN FIELDS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-96-1)

Submitted: October 30, 1998

Decided: January 21, 1999

Before WIDENER and WILKINS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kevin D. Mills, LAW OFFICES OF KEVIN D. MILLS, Martinsburg,
West Virginia, for Appellant. William D. Wilmoth, United States
Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarks-
burg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey Lynn Fields pleaded guilty to aiding and abetting in interstate travel with the intent to engage in sexual acts with a juvenile in violation of 18 U.S.C. §§ 2, 2423(b) (1994), and was subsequently sentenced to thirty-six months' imprisonment. On appeal, Fields challenges his sentence alleging that the district court abused its discretion by imposing a four-level upward departure pursuant to USSG § 5K2.0[1] rather than departing under § 4A1.3 and by failing to justify its departure determination. We affirm the sentence.[2]

In September 1995, Fields, then twenty-one years old, and another adult male drove two girls from West Virginia to a motel in Maryland. The two girls were twelve and thirteen years of age. Fields and the twelve-year-old girl engaged in sexual intercourse at the motel. Fields pleaded guilty to one count of transporting a juvenile in interstate commerce with the intent to engage in sexual intercourse with a minor. At the time Fields committed the instant offense, he was on probation for contributing to the delinquency of a minor. The underlying basis for that conviction was having sexual intercourse on numerous occasions with a girl thirteen years of age. Fields had been on probation for approximately eight months prior to committing the instant offense.

The sentencing guidelines prescribed a base offense level of fifteen

_____

[1] **U.S. Sentencing Guidelines Manual** § 5K2.0 (1997).
[2] The Government argues in its brief that Fields waived his right to appeal his sentence when he pleaded guilty. Neither party, however, included the plea agreement in the joint appendix and there are no available transcripts of the Rule 11 hearing. Without being able to discern the extent of the rights waived by Fields and whether his plea was knowing and voluntary, we address the merits of Fields's appeal.

2

for Fields's offense. <u>See</u> USSG § 2A3.2. The probation officer, however, recommended a two-level reduction in sentence for acceptance of responsibility, <u>see</u> USSG § 3E1.1(a), reducing the total offense level to thirteen. With respect to the criminal history calculations, Fields received an initial score of three in light of his prior misdemeanor conviction for contributing to the delinquency of a minor. Because Fields was on probation at the time he committed the instant offense, the probation officer recommended the addition of two points pursuant to USSG § 4A1.1(d) and one point under USSG § 4A1.1(e) because the instant offense was committed less than two years following Fields's release from custody. Based on six total criminal history points, Fields fell under the criminal history category of III. The guidelines prescribed an imprisonment range from eighteen to twenty-four months based on a total offense level of thirteen and a criminal history category of III. The probation officer also suggested to the court in the presentence report that an upward departure may be warranted. First, he noted that Fields's criminal history included a conviction for similar conduct and that the instant offense occurred just a short time after the first offense and while Fields was on probation. Second, the probation officer noted that a departure may be warranted pursuant to USSG § 5K2.0, based on the fact that the victim was exceptionally young and the guidelines fail to account for the victim's age.

Although the court agreed with Fields's argument that the victim's age was already taken into consideration as an element of the offense and therefore an upward departure was not justified on that basis, the court found that an upward departure was warranted on the basis that Fields's criminal history included a prior sentence for conduct identical to the instant offense, there was a strong likelihood of recidivism, and the guidelines did not adequately take this particular factor into account. Despite Fields's argument to move horizontally along the criminal history category axis under USSG § 4A1.3, the court found it more appropriate to depart vertically through the offense levels under USSG § 5K2.0. Accordingly, the court raised the offense level to seventeen, which carries a sentencing range from thirty to thirty-seven months. The court noted, however:

> In the alternative, in the event it is subsequently determined that this departure should have been guided by

3

Guideline 4A1.3, as has been effectively and very strongly argued here by defense counsel, the Court would depart horizontally to Criminal History Category V, which also contains the same range of imprisonment, 30 to 37 months.

So, the Court has considered the intervening Criminal History Category IV, but finds it is insufficient in light of the instant conduct, the prior conduct, and the likelihood for recidivism.

J.A. at 32-33. The court sentenced Fields to thirty-six months' imprisonment.

On appeal, Fields alleges that the district court improperly, and without justification, granted an upward departure pursuant to USSG § 5K2.0, rather than moving horizontally through the criminal history categories in accordance with USSG § 4A1.3. We review the district court's decision to depart upward from the applicable guideline range for an abuse of discretion. See Koon v. United States, 518 U.S. 81, 99-100 (1996); United States v. Rybicki, 96 F.3d 754, 756-57 (4th Cir. 1996). The court may depart from the guideline range if it identifies a factor which is an encouraged basis for departure and not taken into account by the applicable guideline. See United States v. Brock, 108 F.3d 31, 34 (4th Cir. 1997). If an encouraged factor is taken into account by the guidelines, departure is still permissible if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate. See id. at 34-35; USSG § 5K2.0. An inadequate criminal history category is an encouraged ground for departure under USSG § 4A1.3. See also USSG § 2A3.2, comment. (n.4). This provision allows for departure from the otherwise applicable guideline range when the defendant's criminal history category significantly under-represents his past criminal conduct or the likelihood that he will commit future crimes.

We first address Fields's contention that the district court did not justify the extent of upward departure. This argument is simply without merit in light of the court's statement that it considered all intervening levels, but found them insufficient in light of the instant conduct, the prior identical conduct, and the likelihood of recidivism. Given the court's articulation of factors justifying the departure and

4

the circumstances of the case, we find that the extent of the departure was not an abuse of discretion.

We do not consider Fields's remaining argument that the district court erred in departing upward pursuant to USSG§ 5K2.0. Even if we found that the district court did err in departing under that section, we would still affirm that sentence. The district court made clear that an upward departure was independently supportable pursuant to § 4A1.3. Furthermore, the district court stated that even if it departed upward based on § 4A1.3, it still would have imposed the same sentence. Fields concedes that an upward departure based on § 4A1.3 would have been appropriate. Because an upward departure would have been supportable under § 4A1.3 and it would have resulted in the same sentence, we find that remand for resentencing is unnecessary. See United States v. Achiekwelu, 112 F.3d 747, 758 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3262 (U.S. Oct. 6, 1997) (No. 97-5598).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5