UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4552

MARK EDWARD FOGARTY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CR-99-46)

Submitted: April 27, 2000

Decided: May 4, 2000

Before NIEMEYER and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

J. Daniel Kilgore, Wise, Virginia, for Appellant. Robert P. Crouch,
Jr., United States Attorney, S. Randall Ramseyer, Assistant United
States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Edward Fogarty pled guilty to possession of a firearm while being a convicted felon, see 18 U.S.C.A.§ 922(g)(1) (West Supp. 1999), possession of a stolen firearm, see 18 U.S.C.A. § 922(j) (West Supp. 1999), and stealing a firearm from a licensed dealer, see 18 U.S.C.A. § 922(u) (West Supp. 1999). Fogarty contests the 51-month sentence he received, alleging that the district court clearly erred in finding that he obstructed justice by giving perjured testimony at his guilty plea hearing, see U.S. Sentencing Guidelines Manual § 3C1.1 (1998), and in finding that he had not accepted responsibility for his criminal conduct. See USSG § 3E1.1. Fogarty also contends that the district court erred in not departing downward based on his diminished capacity. See USSG § 5K2.13, p.s. We affirm in part and dismiss in part.

On August 18, 1998, Fogarty went into a pawn and gun shop and told the manager that he had locked his car keys in his car and urgently needed help in unlocking the car. The manager understood that Fogarty had prescription medicine for his mother in the car which he needed to deliver to her, although Fogarty later denied that he had said this. The manager went out of the room to use the phone. A security video showed that Fogarty immediately reached across the counter and removed a Ruger .22 caliber revolver from a gun case. He took off the price tag, concealed the gun in his pants, and walked out of the store. Fogarty was arrested the same day by state authorities and charged with grand larceny. The gun was not recovered, but Fogarty had $100 in cash. After seeing the security video, Fogarty admitted taking the gun, but said he had left it in the store. Federal authorities became involved the next day. On August 24, 1998, Fogarty returned the gun to the pawn and gun shop, and told his lawyer that, on the day of the crime, he had been drinking beer with friends, one of whom put a Xanax tablet in his beer. He said he did

2

not remember taking the gun. Fogarty was charged with federal firearms offenses and pled guilty.

At the guilty plea hearing, Fogarty continued to maintain that he did not remember taking the gun and that he had done it without knowing what he was doing. However, he insisted that he wished to plead guilty. Fogarty had been psychologically evaluated and found to be of limited intelligence, but not suffering from any mental illness. The court found that Fogarty's plea was knowing and voluntary despite his contention that he did not clearly remember committing the offense. At sentencing, the government sought an adjustment for obstruction of justice, alleging that Fogarty had perjured himself at the guilty plea hearing. The government also asked that Fogarty be denied a reduction for acceptance of responsibility.

Fogarty testified at some length, discussing among other things his lack of memory, how a friend had put pills in his beer, and how he had paid $150 to get the gun back from the man who had it so he could return it. He pointed out that the stolen gun was not particularly valuable.

In its findings, the court noted that Fogarty's actions on the video were "purposeful and coherent," that the psychological report described Fogarty's memory impairment as apparently self-serving, and that Fogarty's limited intelligence did not prevent him from testifying capably, making arguments in his own behalf, and pointing out weaknesses in the government's position. The court decided that Fogarty had intentionally lied under oath at the guilty plea hearing and at sentencing about a material matter--his knowledge that he stole the gun and his condition at the time--and had thus committed perjury. See United States v. Dunnigan, 507 U.S. 87, 94 (1993) (perjury is willful false testimony concerning a material matter). We cannot say that the court clearly erred in finding that Fogarty had committed perjury at both hearings or in finding that he had obstructed justice by doing so. Fogarty's false testimony was material because it could have affected the court's decision to accept his guilty plea and its later determination concerning acceptance of responsibility.

Because of Fogarty's perjury, the district court did not clearly err in finding that he had not accepted responsibility for his criminal con-

3

duct. <u>See</u> USSG § 3E1.1, comment. (n.4). Fogarty did not request a downward departure for diminished capacity, and we lack jurisdiction to review the district court's failure to depart on this ground sua sponte. <u>See United States v. Brock</u>, 108 F.3d 31, 33 (4th Cir. 1997).

We therefore affirm the sentence, but dismiss that portion of the appeal which contests the district court's failure to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, DISMISSED IN PART</u>

4