**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4499

DANIEL LEE GIBSON, a/k/a Danny
Lee Gibson,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-98-183-1)

Submitted: May 25, 2000

Decided: July 27, 2000

Before WILLIAMS, MICHAEL, and KING,* Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Shawn D. Bayliss, BAYLISS FAMILY LAW CENTER, Hurricane,
West Virginia, for Appellant. Rebecca A. Betts, United States Attor-
ney, Ray M. Shepard, Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

_____

*Judge King did not participate in consideration of this case. The opin-
ion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daniel Lee Gibson pled guilty to an information charging him with conspiracy to distribute and possess cocaine and cocaine base (crack) with intent to distribute in violation of 21 U.S.C.§ 846 (1994). On the government's motion for a downward departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (1998), the district court departed from offense level 35 to offense level 31. Because Gibson was in criminal history category VI, the new guideline range was 188-235 months. Gibson requested a further departure based principally on his poor health,* see USSG § 5H1.4, p.s., his family responsibilities, see USSG § 5H1.6, p.s., and the totality of the circumstances (i.e., his abusive childhood, his wife's poor health, his efforts at drug rehabilitation, his alleged susceptibility to abuse in prison, and the lengthy sentence), see USSG § 5K2.0, p.s. The district court found that Gibson had not identified any exceptional circumstances that would warrant a further departure, and imposed a sentence of 188 months. Gibson appeals, contending that the district court mistakenly believed that it lacked authority to depart. We find that the district court understood its authority to depart and exercised its discretion in deciding not to depart.

We therefore dismiss the appeal for lack of jurisdiction. See United States v. Edwards, 188 F.3d 230, 238 (4th Cir. 1999), cert. denied, ___ U.S. __, 68 U.S.L.W. 3460 (U.S. Jan. 18, 2000) (No. 99-7451); United States v. Brock, 108 F.3d 31, 33 (4th Cir. 1997). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
_____
*Both Gibson and his wife are HIV positive.

2