**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 01-4299

MICHAEL JOHN PAPAGEORGE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-00-14)

Submitted: September 28, 2001

Decided: October 17, 2001

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy M. Sirk, Keyser, West Virginia, for Appellant. Patrick M. Flatley, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael John Papageorge pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (1994). On appeal, Papageorge argues that the district court erred in failing to depart downward based upon his post-traumatic stress disorder (PTSD), and that the court erred in departing upward based upon an inadequate criminal history category. We affirm in part and dismiss in part.

A district court's decision not to depart downward may be reviewed when it is based on a mistaken belief that it lacks authority to depart. *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999), *cert. denied*, 528 U.S. 1130 (2000). However, no review is available when the district court recognizes its authority to depart but decides that the facts and circumstances do not warrant a departure. *United States v. Brock*, 108 F.3d 31, 33 (4th Cir. 1997). Here, the district court stated that it had "carefully reviewed the entire record in this criminal action and [was] unable to find that a downward departure on either of the two bases sought by Defendant, namely diminished capacity due to posttraumatic stress disorder or extraordinary family ties or circumstances, [was] appropriate." (J.A. 26). Because the district court knew that it had the authority to depart and declined to do so, we may not review the decision. We therefore dismiss this portion of the appeal.

At Defendant's sentencing, the district court concluded that Criminal History Category V under-represented his past criminal conduct and the likelihood that he would commit future crimes. The district court departed upward from a total offense level of 19 to a total offense level of 21, sentencing Defendant to 87 months imprisonment.

The district court's decision to depart is reviewed for abuse of discretion. *Koon v. United States*, 518 U.S. 81, 98-99 (1996). A district court may depart on the basis of an encouraged factor if the applicable guideline does not already take it into account. *Brock*, 108 F.3d at 34. The sentencing guidelines expressly encourage departure when a defendant's criminal history category does not adequately reflect the

seriousness of his past criminal conduct or the likelihood that he will commit further crimes. USSG § 4A1.3, p.s. (2000); *United States v. Cash*, 983 F.2d 558, 560 (4th Cir. 1992). In deciding whether to depart, the court should not base its decision only on the number of prior offenses, but should consider that their nature is often a better indication of the seriousness of the defendant's criminal record. USSG § 4A.1.3; *Cash*, 983 F.2d at 560-61.

Papageorge argues that his prior record was not extraordinary and the convictions resulted in minimal sentences, that the prior sentences not used in computing the criminal history were driving and traffic offenses, and assault, that three convictions with sentences exceeding one year is not atypical for criminal history category V, and that there is no similar prior conduct that has not resulted in a criminal conviction.

We conclude that the district court did not abuse its discretion in deciding that a departure above category V was warranted. First, the fact that Papageorge received lenient sentences for some of his prior convictions only underscored the number of criminal history points he accumulated in spite of his lenient treatment. Next, the district court reviewed the offense conduct involved in the 1990 grand larceny conviction and found that Papageorge's actual conduct related to the grand larceny included burglary of a dwelling, and that if the charge had not been nol prossed, Papageorge would have qualified as a career offender under USSG § 4B1.1. Finally, the district court's findings did not focus primarily on the number of Papageorge's prior convictions or even on the number of criminal history points he earned, but on his continuous criminal conduct throughout the past twenty years and the high likelihood that he would continue such conduct in the future.

Having determined to depart, the court properly structured the departure by moving down the sentencing table to successively higher offense levels to find the appropriate guideline range. USSG § 4A1.3; *United States v. Harrison*, 58 F.3d 115, 118 (4th Cir. 1995). The court made the necessary findings that the intervening levels were inadequate to reflect the seriousness of the Defendant's prior record and the likelihood that he would commit other crimes. *Cash*, 983 F.2d at 562 n.7 (approving procedure described in *United States v. Rusher*, 966

F.2d 868, 884 (4th Cir. 1992)). We find no error in the district court's decision to depart upward.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*