UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JOSEPH MARION HEAD, JR.,
          *Defendant-Appellant.*

No. 01-4670

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-98-102)

Submitted: June 13, 2002

Decided: August 12, 2002

Before MOTZ and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

**COUNSEL**

William E. Loose, WILLIAM E. LOOSE ATTORNEY AT LAW, P.A., Asheville, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Joseph Marion Head, Jr., appeals the 360-month sentence imposed pursuant to his convictions on nine counts of mailing threatening communications, in violation of 18 U.S.C. § 876 (1994). We affirm.

I

Head admitted at trial that he had mailed the nine letters in question to men involved in his state trial for sexual assault. He sent seven letters to Leonard Lowe, who prosecuted him, one letter to Robert Harris, a defense attorney, and one letter to Robert Wolf, another defense attorney. Lowe, Wolf, and Harris' widow also testified at trial.

The presentence report found that Head's offense level was 33 and his criminal history category III, for a guideline range of 168-210 months. The district court found that the criminal history category did not adequately reflect Head's past conduct. Additionally, the court determined that the offense level did not adequately reflect the seriousness of the instant offenses. The court departed upward to offense level 40 and criminal history category VI, for a guideline range of 360 months to life in prison. Head received a 360-month sentence.

II

Head contends first that his 360-month sentence violates the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because his sentence allegedly was enhanced by facts not found by the jury. We reject this argument. Even if the five-year penalty default provision set forth in the third paragraph of § 876 applies here, Head's nine convictions would have subjected him to a maximum statutory penalty of forty-five years—more than the 360-month guideline sentence he received. His 360-month sentence, which is below the statutory maximum, did

not violate *Apprendi. See United States v. White*, 238 F.3d 537, 543 (4th Cir.), *cert. denied*, 532 U.S. 1074 (2001).

### III

Head argues that, because the original guideline range of 168-210 months accurately took into account the nature of his present offenses and his criminal history, the upward departure was not warranted. We evaluate departures under the test set out in *Koon v. United States*, 518 U.S. 81 (1996). Under *Koon*, a sentencing court may, in its discretion, depart for a factor that is not taken into account by an applicable guideline but is an encouraged basis for departure. *Id.* at 94; *United States v. Brock*, 108 F.3d 31, 34 (4th Cir. 1997). We review a decision to depart upward for abuse of discretion. *United States v. Hairston*, 96 F.3d 102, 105 (4th Cir. 1996).

With regard to the adequacy of criminal history category III, we note that the guidelines specifically encourage upward departure if "the criminal history category significantly under-represents the seriousness of the defendant's criminal history." *U.S. Sentencing Guidelines* § 4A1.3 (2000). We note that Head repeatedly threatened individuals associated with his trial and, on occasion, their family members. Additionally, Head's violent nature is reflected not only in the sexual assault but in his having emptied two guns into James Michael Richards, whom he killed prior to that assault. Head received no criminal history points for killing Richards because his manslaughter conviction was overturned on the ground of improperly admitted evidence and the State never retried Head. We conclude that the district court did not abuse its discretion in departing upward, given the ongoing nature of the subject offenses and the particularly violent nature of the Richards killing.

The district court also departed upward from offense level III based on Head's "extreme conduct," another encouraged factor under the guidelines. *See* USSG § 5K2.8. To qualify as extreme, the crimes of conviction must be "unusually heinous, cruel, brutal, or degrading to the victim." *Id.* The guideline encompasses both completed and intended extreme conduct. *United States v. Gary*, 18 F.3d 1123, 1130 (4th Cir. 1994).

The court concluded that Head's conduct was extreme because Lowe, Harris, and Wolf had to live for an extended period of time with the fear that Head, a violent criminal and paranoid schizophrenic, would carry out his threats of harming them upon his release from his state sentence. The court noted that Head increased the number and specificity of his threats as the time for his release from state custody drew near. Further, he threatened physical harm and made extortionate threats. Head suggested that Harris' daughter be turned over to him for sexual purposes. His letters communicated a desire for vengeance and an ability and intention to carry through with his threats, and they distressed both the recipients of the letters and their family members. We conclude that the decision to enhance Head's offense level was not an abuse of discretion.

## IV

Finally, the district court denied Head's motion to depart downward because of reduced mental capacity. The district court did not mistakenly believe that it lacked the authority to depart, and its denial of Head's motion is therefore not reviewable on appeal. *See United State v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999).

## V

We accordingly dismiss the appeal to the extent that it relates to the denial of Head's motion for downward departure and otherwise affirm Head's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*