UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

No. 02-4181

TIKISHA LA'NEE POORE,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-01-205)

Submitted: December 19, 2002

Decided: January 6, 2003

Before WILKINS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Clinton W. Smith, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tikisha Poore appeals the district court's denial of the Government's motion for a downward departure following her guilty plea to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (2000). Poore was sentenced to a 108-month term of imprisonment. On appeal, Poore argues the district court abused its discretion in denying the motion for a downward departure because the court erroneously determined it lacked the authority to grant the motion. Poore asserts that her extraordinary assistance in the prosecution of co-defendants took her case out of the heartland of cases anticipated under the Sentencing Guidelines. *See United States Sentencing Guidelines Manual* § 5K2.0 (2000).

In a unique case, the district court may grant a motion for a downward departure; however, it is under no obligation to do so. Here, the record clearly demonstrates that the court was cognizant that it did possess the authority to grant the Government's motion for a downward departure but, in its discretion, denied it. The court stated that it had the authority to depart, but found that Poore's cooperation was adequately rewarded with a reduction for acceptance of responsibility. The court further found that this case was not outside the heartland of the guidelines and a downward departure would "violate the spirit of the guidelines" and "undermine" them. Because the court clearly recognized its authority to depart, and chose not to do so, its decision is not reviewable on appeal. *United States v. Brock*, 108 F.3d 31, 33 (4th Cir. 1997).

Accordingly, we dismiss Poore's appeal. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*