UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                               No. 02-4284

VERNON LEIGH HAYES,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-96-154-MU)

Submitted: November 26, 2002

Decided: January 13, 2003

Before WIDENER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

James S. Weidner, Jr., Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Jack M. Knight, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Vernon Leigh Hayes appeals the sentence of sixty months imprisonment he received after he entered a guilty plea to conspiracy to possess with intent to distribute and distribute a quantity of dilaudid, 21 U.S.C. § 846 (2000). He contends that the district court erred in failing to enforce the terms of his oral plea agreement. For the reasons explained below, we vacate the sentence and remand for resentencing.

Hayes pled guilty under an oral plea agreement. At the guilty plea hearing, the government attorney informed the magistrate judge that the parties agreed that the statutory sentencing range was five to forty years. The government further stated that Hayes had cooperated sufficiently to receive a motion for downward departure under *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (2001), and that the government planned to make a departure motion. The magistrate judge replied, "Let me also put on this transcript the five to 40 agreement, and the downward departure would be from that." The government attorney responded affirmatively.

Because it is not one of the drugs enumerated in 21 U.S.C. § 841(b)(1)(A) or (B), there is no mandatory minimum sentence for an offense involving dilaudid; the statutory maximum sentence is twenty years. 21 U.S.C. § 841(b)(1)(C). The presentence report stated that the statutory penalty for Hayes' offense was a maximum sentence of twenty years under § 841(b)(1)(C). Nonetheless, at sentencing, the parties and the district court proceeded on the understanding that the statutory sentencing range was five to forty years based on the quantity of dilaudid reasonably foreseeable to Hayes. The government moved for a downward departure from the guideline range of 87-108 months, but refused to request the departure under 18 U.S.C. § 3553(e) (2000), which permits a departure below a statutory minimum sentence. The district court accordingly departed from offense level 29 to offense level 24, saying that was the best it could do. The resulting guideline range was 51-63 months. The court imposed a sentence of 60 months.

On appeal, Hayes argues that the district court should have enforced the oral plea agreement and acknowledged its authority to

depart below the presumed statutory minimum. Because no statutory minimum sentence applied, we need not decide whether the government breached the oral plea agreement. However, when the sentencing court's decision not to depart is based on a mistaken belief that it lacks the legal authority to depart, the appeals court may review the decision. *United States v. Brock*, 108 F.3d 31, 33 (4th Cir. 1997). In this case, the court did not understand its legal authority to depart below sixty months. We therefore vacate the sentence and remand the case for resentencing to permit the district court to reconsider its departure decision.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*