**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

SHAMEL MEADOWS,
*Defendant-Appellant.*

No. 02-4806

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

EDDIE HARLEY,
*Defendant-Appellant.*

No. 03-4126

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CR-02-54-JFM)

Submitted: September 4, 2003

Decided: October 3, 2003

Before WIDENER, KING, and SHEDD, Circuit Judges.

No. 02-4806 affirmed and No. 03-4126 affirmed in part and dismissed in part by unpublished per curiam opinion.

**COUNSEL**

Tariq K. El-Shabazz, Philadelphia, Pennsylvania, for Appellants. Thomas M. DiBiagio, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In these consolidated appeals, Shamel Meadows and Eddie Harley appeal their convictions and sentences for various drug charges. Meadows pled guilty to conspiracy to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (2000). Following a jury trial, Harley was convicted of the conspiracy charge, in violation of § 846; possession with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) (2000); and aiding and abetting, in violation of 18 U.S.C. § 2 (2000).

Both Meadows and Harley contend that the district court erred in denying their motions to suppress evidence seized from a residence because the search warrant affidavit failed to establish that drugs would be found at the residence. We review a district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Our review of the record establishes that the search warrant application established probable cause for the issuance of the search war-

rant. Unlike *United States v. Lalor*, 996 F.2d 1578 (4th Cir. 1993), upon which Appellants rely, there was evidence in this case from which the officers could reasonably infer that drugs would be found at Harley's residence, including Harley's evasive answers regarding his place of residence and his use of an alias on paperwork connected with the residence. Moreover, even if the warrant application did not establish probable cause, we conclude that the officers conducting the search properly acted in good faith reliance on the search warrant. *See United States v. Leon*, 468 U.S. 897 (1984).

Harley also challenges the district court's failure to depart downward based on his physical impairment and diminished mental capacity. A sentencing court's decision not to depart is not reviewable unless the court's decision is based on a mistaken view that it lacks authority to do so. *United States v. Brock*, 108 F.3d 31, 33 (4th Cir. 1997). The record does not indicate that the district court failed to understand its ability to depart. Accordingly, this claim must be dismissed.

We affirm Meadows's and Harley's convictions. We also affirm Harley's sentence but dismiss the portion of Harley's appeal that challenges the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 02-4806 - *AFFIRMED*
No. 03-4126 - *AFFIRMED IN PART*
*AND DISMISSED IN PART*