**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4046**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON T. MAJERCIK,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (CR-04-56)

Submitted:  August 5, 2005          Decided:  August 16, 2005

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David H. Wilmoth, Elkins, West Virginia, for Appellant.  Thomas E. Johnston, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jason T. Majercik pled guilty[1] to one count of bank fraud in violation of 18 U.S.C. § 1344 (2000), and was sentenced to sixty-three months' imprisonment. Majercik's only issue on appeal is a challenge to the district court's upward departure on the basis of Majercik's likelihood that he would commit other crimes. Finding no error, we affirm.

Although Majercik's appellate brief was filed several months after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), it does not assert any claim based upon that holding. Rather, it relies on pre-Booker authority to assert that the district court's decision to depart from the Sentencing Guidelines range constituted an abuse of discretion under Koon v. United States, 518 U.S. 81, 100 (1996). Following Koon, we had concluded that a district court may depart upward from a guidelines range if it identifies a factor that is an encouraged basis for departure and is not taken into account by the applicable guideline. United States v. Brock, 108 F.3d 31, 34 (4th Cir. 1997).[2] Under U.S. Sentencing Guidelines Manual § 4A1.3 (2002),[3]

---

[1]Majercik's plea agreement contained an appellate waiver provision, but because the Government has failed to assert the waiver, we address the substance of Majercik's claim.

[2]If the departure is justified, the appeals court must review the extent of the departure deferentially. See United States v. Davis, 380 F.3d 183, 188 n.3 (4th Cir. 2004), cert. denied, ___ U.S. ___ (Oct. 18, 2004) (No. 04-6377); see also 18 U.S.C.A. § 3742(e)(3)(C) (West Supp. 2004). However, Majercik did not argue

- 2 -

"[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." Our review of the record demonstrates that an upward departure was well within the district court's discretion because Majercik's extensive criminal history reflects an overwhelming likelihood that he will commit other crimes.

Even applying Booker, we find no basis to conclude that Majercik's sentence must be revisited. In imposing a sixty-three month sentence prior to Booker, the district court stated that it would impose an identical sentence even if the guidelines were treated as advisory. Because the alternative sentence assessed by the district court is identical to Majercik's actual sentence and reasonable under the facts, Majercik's sentence withstands review following Booker.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

at trial, nor does he argue on appeal, the reasonableness of the extent of the upward departure. Accordingly, we conclude Majercik has waived the issue.

[3]Majercik was sentenced under the 2002 Guidelines.

- 3 -