**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4073

WARREN EDWARDS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-180-1)

Submitted: June 29, 1999

Decided: July 19, 1999

Before WILKINS and LUTTIG, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Sandra J. Hairston, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Warren Edwards was arrested and indicted on a single count of interstate domestic violence in violation of 18 U.S.C.A. § 2261(a)(1) (West Supp. 1999). In September 1998 he pled guilty and was sentenced to 120 months imprisonment, the statutory maximum penalty. See 18 U.S.C.A. § 2261(b)(3). The court imposed the statutory maximum penalty because it was below the low end of the applicable sentencing guideline range of 210-262 months.

Edwards' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal, but raises the following issue: whether the district court erred by failing to grant him a downward departure based on diminished capacity under the sentencing guidelines. The United States filed a brief concurring in the conclusion that no meritorious issues existed for appeal. Although informed of his right to file a supplemental brief, Edwards has not done so.

Because Edwards did not object to the calculation of his sentence in the district court, such argument is waived on appeal absent plain error. See United States v. Grubb, 11 F.3d 426, 440 (4th Cir. 1993). Moreover, this court lacks authority to review a decision not to depart from the applicable guideline range unless the district court's decision is based upon the belief that it lacks the legal authority to depart. See United States v. Brock, 108 F.3d 31, 33 (4th Cir. 1997).

Our review of the sentencing proceeding and the relevant guidelines reveals no error and no suggestion that the district court believed it lacked authority to depart. We have also examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. Accordingly, we affirm the sentence of the district court. This court requires that counsel inform his client,

2

in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3