**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 98-4032

MARVIN ANTONIO WHITE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-97-63)

Submitted: February 23, 1999

Decided: August 4, 1999

Before WILKINS and NIEMEYER, Circuit Judges,
and HALL,* Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Acting Federal Public Defender, Denise C. Barrett,
Assistant Federal Public Defender, Baltimore, Maryland, for Appel-
lant. Helen F. Fahey, United States Attorney, Laura Pellatiro Tayman,
Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

*Senior Judge Hall participated in consideration of this case but died
prior to the time the decision was filed. The decision is filed by a quorum
of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marvin Antonio White appeals from his convictions and 240-month sentence imposed after a jury found him guilty of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994), and possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g) (West Supp. 1998). He asserts on appeal that the district court committed plain error by failing to suppress evidence seized during a search he contends was conducted in violation of the Fourth Amendment and that the district court abused its discretion in granting an upward departure under U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1997). We affirm.

I.

White first contends that evidence should have been suppressed because officers violated the Fourth Amendment in executing the search warrant. He claims that officers forcibly entered the residence even though they did not knock and announce their presence, they were not denied entrance, and there were no exigent circumstances. Although White did not move to suppress the evidence pretrial or object to the admission of the evidence during trial, he contends on appeal that we may review the issue for plain error. The Government argues, however, that White's failure to raise his suppression claim before, during, or after trial bars the issue on appeal.

We agree. We have held that failure to file a motion to suppress evidence before trial waives the right to assert constitutional objections to the search on appeal. See United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995); Fed. R. Crim. P. 12(b)(3), (f). Accordingly, we find no error in the district court's admission of the evidence obtained in the search of the residence and affirm White's convictions.

2

II.

White also challenges his sentence, asserting that the district court abused its discretion in granting an upward departure. The probation officer reviewed White's criminal history and found that White had fifteen criminal history points, placing him in criminal history category VI. Because there were eight additional points that were not included in the criminal history calculation, the probation officer noted that the district court might want to consider an upward departure under USSG § 4A1.3, p.s.

At sentencing, the Government agreed and argued that an upward departure was warranted based on the eight additional criminal history points, White's lack of any legitimate employment, his history of substance abuse, and the fact he provided little support for the seven children he fathered out of wedlock by five different women. White objected to the departure, arguing that the guideline range provided sufficient punishment. White also contended that if the court considered an upward departure, the court should focus on the types of offenses in White's criminal history.

The district court described White as having a complete disregard for the law, noting that he had twice been convicted of misdemeanor assaults on women and of brandishing a firearm toward a woman and questioning why he received only fines or suspended sentences. The court also commented that White had failed to fulfill his obligations toward his children. The court then found that had all of White's criminal history points been included in the criminal history calculation, White had fifty percent more than was necessary to place him in category VI and that an upward departure was warranted.

We review a district court's decision to depart upward from the guideline range for an abuse of discretion. See Koon v. United States, 518 U.S. 81, 100 (1996). A sentencing court is encouraged to depart upward when a defendant's criminal history category does not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit further crimes. See USSG § 4A1.3, p.s. When an encouraged factor is present, a district court must determine whether or not it has been adequately taken into account by the applicable guideline. See United States v. Brock, 108 F.3d 31, 34 (4th Cir.

3

1997) (citing Koon, 518 U.S. at 96). The district court's decision that an encouraged factor has not been adequately taken into account by the applicable guideline range is reviewed de novo. See United States v. Rybicki, 96 F.3d 754, 757-78 (4th Cir. 1996).

We previously have held that a departure above category VI is appropriate when the district court determines that category VI under-represents the seriousness of defendant's criminal history. See United States v. Cash, 983 F.2d 558, 561 (4th Cir. 1992). Here, the district court found that a departure was justified because White had twenty-three criminal history points and a record of criminal behavior that included assaults and weapons offenses. White argues, however, that the court improperly stated in the judgment and commitment order that it relied on his lack of employment and unfulfilled child support obligations (both discouraged factors under the guidelines, see USSG §§ 5H1.5, p.s., 5H1.6, p.s.) and on his prior drug use (an unmentioned factor for a § 4A1.3 departure). Even assuming, as White suggests, that the court relied on valid and invalid factors, we find that the sentence was reasonable and that the court would have imposed the same sentence absent reliance on the invalid factors. See Williams v. United States, 503 U.S. 193, 203 (1992). Therefore, the district court did not err in deciding to depart above category VI.

White also claims that the extent of the departure--the equivalent of an increase of two offense levels--was unreasonable. Criminal history category VI (the highest criminal history category) accounted for only fifteen of White's twenty-three criminal history points. The district court extrapolated two to three theoretical higher criminal history categories to account fully for White's twenty-three criminal history points,* and then moved down the sentencing table by two offense levels to account for the extrapolated criminal history categories. See Cash, 983 F.2d at 561 & n.6 (approving increase in offense levels to structure departure above criminal history category VI). The departure increased the sentencing range from 168-210 months to 210-262 months. We do not find that the district court abused its discretion in deciding to depart by that extent.

_____
*The court apparently attributed three criminal history points to each additional criminal history category.

4

Finally, White maintains that the court failed to explain why the intermediate levels were inadequate. See id. at 561 & n.7 (in departing for inadequacy of criminal history, court should depart to next higher category and move to still higher category only on finding that next higher category inadequately reflects seriousness of defendant's record) (citing United States v. Rusher, 966 F.2d 868, 884, 890 (4th Cir. 1992)). Although the district court did not give a separate explanation of inadequacy for each higher offense level, its rationale of advancing one level to account for each additional three criminal history points was self-explanatory and complied with the dictates of Rusher and Cash.

We therefore affirm White's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5