UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4372

KENNETH WAYNE STEVENSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-98-302)

Submitted: October 14, 1999

Decided: November 10, 1999

Before WILKINS and MICHAEL, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Robert A.J.
Lang, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kenneth Wayne Stevenson pled guilty to two counts of being a felon in possession of a firearm, see 18 U.S.C.A. §§ 922(g), 924(e) (West Supp. 1999), and received a sentence of 256 months imprisonment. Stevenson contends on appeal that the district court erred in departing above the armed career criminal guideline range, see U.S. Sentencing Guidelines Manual § 4B1.4 (1998), and failed to make the level by level findings required under United States v. Rusher, 966 F.2d 868, 884-85 (4th Cir. 1992). We affirm.

The government moved for an upward departure under§ 4A1.3 (Adequacy of Criminal History Category), alleging that Stevenson had several uncounted prior sentences for serious offenses, see USSG § § 4A1.2(e), comment. (n.8), 4A1.3(a); the sentences were for offenses committed on different occasions, see USSG § 4A1.3(b), and for other reasons, including his record of recidivism over a long period of time.

Stevenson argued that at least one of his uncounted prior sentences had been considered in classifying him as an armed career criminal under § 924(e); that his record was not so egregious as to warrant a departure above category VI; that his three prior breaking and entering convictions were merely crimes of stealth, not violence; that neither of his prior voluntary manslaughter convictions involved premeditated killings; and that, because he was forty-five years old and was cooperating with authorities for the first time in his life, the likelihood that he would commit future crimes was much reduced.

The district court determined that, excluding convictions for cursing an officer/disorderly conduct and for driving under the influence, Stevenson would have twenty-three criminal history points if the time limitations did not prevent his older sentences from being counted in

2

his criminal history. The district court found that the older, uncounted sentences were for serious offenses (breaking and entering, voluntary manslaughter, assault with a deadly weapon), and that similar conduct had continued within the countable period (voluntary manslaughter, aggravated assault). The court decided that an upward departure was appropriate.

To structure the departure above category VI, the district court began with offense level 30, the final offense level that would have applied if Stevenson had not been an armed career criminal. The court then added one offense level for each additional three uncounted criminal history points until all twenty-three points were accounted for, which raised the offense level to 33. The effect was to add two offense levels to the armed career criminal offense level of 31. The resulting guideline range was 235-293 months. The court imposed a sentence of 256 months.

On appeal, Stevenson first argues that the district court erred in departing because its assessment of the seriousness of his record was not based on all the relevant evidence. Departures are reviewed under the test set out in Koon v. United States, 518 U.S. 81, 96-100 (1996). Departure is encouraged when the defendant's criminal history category does not adequately reflect the seriousness of his past criminal conduct. USSG § 4A1.3. However, the district court may depart on the basis of an encouraged factor only if it has not been adequately taken into account by the applicable guideline. See United States v. Brock, 108 F.3d 31, 34 (4th Cir. 1997) (citing Koon). The court's decision that the encouraged factor has not been adequately accounted for is reviewed de novo. See United States v. Rybicki, 96 F.3d 754, 757-58 (4th Cir. 1996). A departure above category VI is permissible. See United States v. Cash, 983 F.2d 558, 561 (4th Cir. 1992).

Stevenson maintains that the district court erred in departing because it considered only some of the mitigating factors he offered as reasons against a departure--principally, the limited relevance of older convictions--and failed to consider the effect of his lifelong alcohol and drug addiction on his criminal history, a lessened likelihood of recidivism because of his age, and the fact that some of the uncounted prior convictions were "counted" in that they made him an armed career criminal. Although the district court did not discuss all

3

these points, it is plain from the record that they were considered, as Stevenson presented them in his sentencing memorandum and argued them vigorously at sentencing. However, for the district court, the most significant factor was that Stevenson had repeatedly engaged in violent conduct (resulting in two deaths and one near miss) or conduct which carried a high risk of violence (breaking and entering on three separate occasions). The court found the old offenses relevant because Stevenson had not changed his ways over the years, and was currently selling drugs and firearms, a notoriously dangerous combination. We find that the district court did not err in finding that the armed career criminal guideline range did not adequately account for Stevenson's past conduct, and in departing upward.

Stevenson also complains that the court also failed to explain why a departure to a lesser offense level would not have sufficed. When departing upward pursuant to § 4A1.3, the district court must explain why each higher offense level or criminal history category is inadequate before moving to a higher one. See Cash , 983 F.2d at 561 n.7; Rusher, 966 F.2d at 884, 890. Stevenson contends that the district court failed to comply with this requirement. However, the district court explained that it was adding one offense level for each three additional criminal history points until all points were accounted for. This method satisfactorily explained the court's departure to offense level 33 rather than to a lower offense level, and complied with the requirements of Rusher and Cash.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4