**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4665

JERMAINE LAVONNE CHASE,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4666

LITTLE TOM CHILDRESS,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-94-106)

Submitted: October 29, 1999

Decided: November 22, 1999

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

_____

No. 98-4665 affirmed in part and vacated and remanded in part, and
No. 98-4666 affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Paul Dwoskin, Charlottesville, Virginia; Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellants. Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jermaine L. Chase (No. 98-4665) and Little Tom Childress, Jr. (No. 98-4666), were resentenced on charges of conspiracy to distribute cocaine and possession with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1999).* They appeal those sentences. Counsel for Chase and Childress filed a joint brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that the district court erred in enhancing their offense levels for possession of a firearm, but concluding that there were no meritorious grounds for appeal. Both Chase and Childress filed supplemental pro se briefs. In accordance with the requirements of Anders , we have examined the entire record for both Chase and Childress for meritorious issues for appeal.

_____

*This Court reversed Chase's and Childress's original 18 U.S.C. § 924(c), convictions in light of Bailey v. United States, 516 U.S. 137 (1995), vacated both Appellants' drug count sentences, and remanded both cases to the district court for resentencing. See United States v. Chase, No. 95-5290, 1997 WL 657132 (4th Cir. Oct. 23, 1997) (unpublished); United States v. Jones, No. 95-5370, 1998 WL 196620 (4th Cir. Apr. 22, 1998) (unpublished).

2

The sole ground raised by counsel for Chase and Childress in their joint Anders brief, and one of the grounds raised by Chase and Childress individually in their supplemental pro se briefs, was that the district court erred in increasing their offense level by two levels for possession of a firearm pursuant to USSG § 2D1.1(b)(1). Specifically, Appellants claim that the evidence is insufficient to establish a connection between the firearms seized and the crack cocaine distributions conducted, and with respect to Childress, insufficient to establish that he possessed a firearm, or that the presence of a firearm was reasonably foreseeable.

Based upon our review of the record, we find that the district court's increase of Chase's and Childress's offense level pursuant to United States Sentencing Commission, Guidelines Manual § 2D1.1(b)(1), was supported by a preponderance of the evidence and was not, therefore, clearly erroneous. See United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990). Moreover, collateral relief by way of Bailey on an 18 U.S.C. § 924(c) conviction does not prevent the application of the § 2D1.1(b)(1) enhancement for exactly the same conduct. See generally, United States v. Hillary, 106 F.3d 1170, 1172-73 (4th Cir. 1997). Hence, we find this claim to be without merit.

Chase, pro se, has raised several issues for this Court's review. First, he contends that the district court erred in denying him an acceptance of responsibility reduction. Second, he claims error in the district court's reliance on two uncounseled convictions in determining his criminal history category. Chase's next claim is that the district court erred in failing to consider his claim that the Government did not establish that the substance for which he was responsible was crack, rather than powder, cocaine. We have reviewed the record and find these claims to be without merit.

Chase's final challenge is to the district court's conclusion that it could not depart downward from the Sentencing Guidelines range to reward Chase for post-offense rehabilitation. When Chase raised the issue of departure, claiming that during his incarceration he had put together various programs to help others, both in and outside the prison, including young people, the district court asked Chase for specifics regarding the programs to which he was referring. Chase then described the programs. In response, the district court stated:

3

> Mr. Chase has asked me to depart downwardly. I have to
> have a good, solid legal ground to do that, Mr. Chase, and
> although what you've said to me is appealing emotionally,
> and as I indicated in my earlier sentencing, it was an
> extreme sentence I had to impose, but I am still bound by
> the guidelines, and I feel I must impose a sentence within
> the guidelines.

(J.A. 206).

When a district court exercises its discretion and refuses to depart, its decision is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). However, a refusal to depart is reviewable if the court bases its refusal on a perception that it lacks legal authority to depart. See United States v. Brock, 108 F.3d 31, 33 (4th Cir. 1997). This Court has held that extraordinary and unusual post-offense rehabilitation provides an appropriate ground for departure. Id. at 35.

It is not apparent from the district court's statements at resentencing whether it declined to consider departure for Chase's post-offense rehabilitation because of its perceived lack of authority to do so or because it concluded that Chase's rehabilitation efforts were not "extraordinary and unusual." Because of this lack of clarity, we vacate Chase's sentence and remand the case to the district court. On remand, the district court can consider whether or not Chase's activities constitute "extraordinary and unusual post-offense rehabilitation," Brock, 108 F.3d at 35, such that departure from the sentencing guidelines would be appropriate. In all other aspects, we affirm Chase's sentence. We deny, without prejudice, Chase's pending motion to reconsider this Court's order denying counsel leave to withdraw from further representation of Chase.

In his supplemental pro se brief, Childress likewise claims that the district court erred in failing to give him a downward departure for post-offense rehabilitation. However, Childress failed to seek a downward departure in district court. Because Childress raises this claim for the first time on appeal, we decline to review it. Accordingly, we affirm Childress's sentence.

4

This Court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument on these appeals because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

No. 98-4665 - <u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>

No. 98-4666 - <u>AFFIRMED</u>

5