UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4684

DAVID ALAN HARVEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-7)

Submitted: May 10, 2000

Decided: May 19, 2000

Before LUTTIG and WILLIAMS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

M. Gordon Widenhouse, Jr., Chapel Hill, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, L. Patrick Auld,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Alan Harvey appeals the sixty-three-month sentence imposed by the district court after he pled guilty to armed bank robbery, 18 U.S.C.A. § 2113(d) (West Supp. 2000), and attempted armed robbery, 18 U.S.C.A. § 2113(c) (West Supp. 2000). Harvey contends that the district court failed to recognize its authority to depart downward for diminished capacity, aberrant behavior, post-offense rehabilitation, and substantial restitution. We dismiss the appeal for lack of jurisdiction.

In 1996, Harvey's doctor prescribed Demerol and Seconal for frequent migraine headaches. By 1998, Harvey was addicted to these medications, and was obtaining large quantities of them from two doctors and emergency room visits. On December 24, 1998, Harvey robbed a pharmacy with a BB gun, taking Demerol and Seconal.* On December 26, 1998, he robbed a Phar-Mor pharmacy of Demerol and Seconal. On December 31, 1998, Harvey was fired from his job as sales manager at a car dealership because he was under the influence of medication and unable to perform his duties. The same day, he robbed a bank of $169,700. Harvey was arrested a few days later. All but $20,150 of the money stolen from the bank was recovered. By the date of sentencing, Harvey had repaid the loss to Phar-Mor and $15,000 to the bank, but still owed the bank $5000.

Harvey requested a departure based on aberrant conduct, diminished capacity, post-offense rehabilitation, and substantial restitution, as well as his "extraordinary cooperation with authorities and acceptance of responsibility . . . his education, vocational skills, work history, and family responsibilities, and the unlikelihood this conduct would ever recur."

_____

*This conduct was not charged or treated as relevant conduct.

2

At the sentencing hearing, the district court initially observed that it did not believe that it had discretion to depart downward on the grounds urged by Harvey because the facts did not warrant a departure. The court expressed sympathy for Harvey, and stated that if it had discretion to depart, it might do so. However, after hearing argument, the district court stated:

> I don't believe, as a legal and factual matter under the facts of this case, that the arguments you have made give the Court a legal basis to depart below the guideline. That is, I recognize that under certain circumstances you can depart for each of these three grounds.
>
> I don't find any support for finding that the acts in this case -- that is, the bank robbery, the robbery of the pharmacy, and possibly the other pharmacy robbery, or attempted robbery, for that matter -- are such that you would be entitled to depart [sic] for an aberrant act, for diminished capacity, or for the extraordinary acceptance of responsibility after these acts had been committed. That is, individually and in combination, I still don't find that these facts would allow the Court to have the discretion to do that as a matter of fact and as a matter of law.
>
> So I am not refusing to exercise my discretion in this matter. I am simply finding that under the facts and circumstances of the case, the facts and the law do not permit a departure.

The appeals court "lacks authority to review a decision of the district court not to depart from the applicable guideline range when that decision rests upon a determination that a departure is not warranted." United States v. Brock, 108 F.3d 31, 33 (4th Cir. 1997) (citing United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990)). However, if the court decides not to depart because it believes it lacks legal authority to depart, the court of appeals may review that decision. See Brock, 108 F.3d at 33. The Supreme Court has explained that any factor that is not forbidden as a possible ground for departure under the guidelines may permit a departure, if "the factor, as occurring in the particular circumstances, takes the case outside the heartland of the

3

applicable Guideline." Koon v. United States , 518 U.S. 81, 109 (1996).

In Brock, this Court listed the forbidden factors:

> [D]rug or alcohol dependence or abuse (U.S.S.G. § 5h1.4, p.s.); race, sex, national origin, creed, religion, or socioeconomic status (U.S.S.G. § 5H1.10, p.s.); lack of youthful guidance or similar circumstances indicating a disadvantaged upbringing (U.S.S.G. § 5H1.12, p.s.).

108 F.3d at 33.

In this case, the district court correctly decided that Harvey's drug addiction was not a permissible ground for departure. In light of Koon and Brock, the court could not have been in doubt about its authority to depart on the non-forbidden grounds put forward by Harvey, if the factor was present to an exceptional degree or otherwise made the case an atypical one. See Brock, 108 F.3d at 35. The court determined that the facts did not justify a departure and decided not to depart. When the district court finds factors that might, if the facts were different, support a departure, but do not support a departure in the case under consideration, the appeals court lacks authority to review the decision. See United States v. DeBeir, 186 F.3d 561, 573 (4th Cir. 1999).

We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4