**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4847

EMJADIA PORTER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-94-37)

Submitted: May 31, 2000

Decided: June 16, 2000

Before MICHAEL, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas M. Blaylock, Roanoke, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Karen Breeding Peters, Assistant
United States Attorney, Heather Kathleen Travis, Third-Year Law
Intern, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Emjadia Porter was convicted of conspiracy to distribute cocaine base, in violation of 18 U.S.C. § 2 (1994) and 21 U.S.C. § 846 (1994), intimidation of a confidential informant, in violation of 18 U.S.C.A. § 1513(a)(2) West Supp. 2000), and using a firearm during a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999). The court sentenced Porter to 270 months in prison: 210 months on the conspiracy charge; a concurrent 120-month term on the intimidation of an informant count; and a consecutive 60-month term on the firearms count. This court affirmed his conviction on appeal. See United States v. Williamson, No. 95-5328 (4th Cir. June 4, 1996) (unpublished).

Porter then filed a 28 U.S.C.A. § 2255 (West Supp. 2000) motion. The district court held that Porter was denied effective assistance of counsel at trial because his attorney should have objected to the jury instruction concerning the intimidation of a witness count. The court vacated Porter's conviction on the intimidation of a witness count and the related firearms count and ordered that Porter be resentenced on the remaining conspiracy count. The court specifically denied relief on the rest of Porter's § 2255 claims.

The court limited Porter's resentencing hearing to a determination of whether Porter was subject to a two-level adjustment for possession of a firearm under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1994) and what sentence should be imposed following a determination of the guideline range. Concluding that Porter was subject to the two-level adjustment, the court resentenced Porter to 262 months in prison on his sole remaining conviction, the conspiracy charge. Porter timely appealed.

Porter argues on appeal that the district court should have vacated his conspiracy conviction and that the court erroneously allowed evidence seized at the time of his arrest to be introduced at his trial. These are not sentencing issues and therefore are not properly before this court in this appeal.* Porter also seeks to reopen issues for sen-

_____

*We grant Porter's motion to file a pro se supplemental brief. The issues raised in the brief are not sentencing issues; Porter therefore is not entitled to relief on these claims.

2

tencing purposes concerning his involvement in the conspiracy, the quantity of drugs attributable to him, and the increase in his offense level based upon obstruction of justice. These issues were laid to rest in earlier proceedings before the district court and on direct appeal to this court and Porter has failed to make a showing justifying revisitation of these claims. See United States v. Bell , 5 F.3d 64, 66 (4th Cir. 1993).

Porter argues that the district court erred by applying a two-level increase in offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. He claims that there was insufficient evidence to establish a nexis between the firearm and the conspiracy. However, the evidence presented at trial showed that Porter brandished a firearm at a confidential informant. This court concluded in Porter's direct appeal that it could be inferred from the evidence that Porter threatened the informant to protect his co-conspirators and to further the ends of the conspiracy. We find that the district court did not clearly err by applying this enhancement.

Finally, Porter claims that the district court erred by failing to make a downward departure for extraordinary rehabilitation. A discretionary decision not to depart is not reviewable on appeal, unless the court decided not to depart based upon a mistaken belief that the court lacked the authority to depart. See United States v. Brock, 108 F.3d 31, 33 (4th Cir. 1997). We find that the district court's refusal to depart was not based upon a mistaken belief that it lacked the authority to do so. Consequently, its decision not to depart is not reviewable.

For these reasons, we affirm Porter's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3