**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

JESUS FRANCISCO ROMERO-GONZALEZ,

No. 00-4045

a/k/a Jose E. Romero, a/k/a Jesus
Gonzales, a/k/a Juan Pablo
Martinez,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-99-244)

Submitted: July 31, 2000

Decided: August 11, 2000

Before WILLIAMS and TRAXLER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Matthew A. Wartel, SHERMAN, MEEHAN, CURTIN & AIN,
Washington, D.C., for Appellant. Helen F. Fahey, United States
Attorney, John T. Morton, Assistant United States Attorney, Alexan-
dria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jesus Romero-Gonzalez was convicted pursuant to his guilty plea of illegally re-entering the United States after being deported following a conviction for an aggravated felony. On appeal, he alleges that the district court erroneously refused to grant his motions for downward departure based on extraordinary rehabilitative efforts and pre-charge delay. Finding no reversible error, we affirm.

The basic facts of this case are undisputed. Romero-Gonzalez, a citizen of El Salvador, first entered the United States in 1982. He was arrested twice in 1992 in Texas on drug charges, but he fled before he could be prosecuted. He made his way to the District of Columbia, where he was again arrested twice on drug charges, but fled prior to trial. Texas authorities apprehended Romero-Gonzalez in 1993, and he was tried on the earlier Texas drug charges and deported.

Romero-Gonzalez illegally re-entered the United States in 1995, and he was ultimately apprehended by D.C. police and tried on the earlier D.C. drug charges. Prior to sentencing in 1996, D.C. police notified the INS that Romero-Gonzalez was in their custody. Nevertheless, the INS did not interview him until 1998, and Romero-Gonzalez admitted during the interview that he had illegally re-entered the United States. However, the Government did not indict him until 1999, after he completed his D.C. sentence.

It is well-settled that a district court's decision denying a downward departure is not reviewable unless the court believed it lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). Here, we find that the district court properly recognized its authority to grant Romero-Gonzalez's motions under Koon v. United States, 518 U.S. 81 (1996), and United States v. Brock, 108 F.3d 31 (4th Cir. 1997), but declined to do so under the facts of this case.

2

We therefore affirm Romero-Gonzalez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

<u>AFFIRMED</u>

3