UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

MIGUEL ANGEL LOPEZ-AVILA, a/k/a
Lucio Soreano-Dominguez, a/k/a
Felipe Noyola,
Defendant-Appellant.

No. 00-4102

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-221)

Submitted: August 22, 2000

Decided: October 17, 2000

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Arnold L.
Husser, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Miguel Lopez-Avila pled guilty to illegal reentry, 8 U.S.C. § 1326(a), (b)(2) (West 1999), and received a sentence of 108 months imprisonment. On appeal, Lopez-Avila challenges the district court's decision to depart upward from criminal history category VI pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1998). We affirm.

Miguel Lopez-Avila illegally entered the United States in 1989 and was deported in 1990. He returned to the United States illegally within two months and was deported again in 1997. He again returned illegally and, in 1998, with cocaine trafficking charges pending against him in North Carolina, he pled guilty to illegal reentry.

Lopez-Avila had used numerous aliases and had three prior convictions for second degree burglary, as well as convictions for breaking and entering, assault on a female, assault with a deadly weapon (a knife), trespassing, felonious possession of a weapon of mass destruction (a sawed-off shotgun), carrying a concealed weapon (scissors), possession of marijuana, driving without a license, and shoplifting. Because seven of Lopez-Avila's eleven prior convictions resulted in sentences of less than 60 days imprisonment, the probation officer suggested that category VI might under-represent the seriousness of Lopez-Avila's past criminal conduct or the likelihood of his future criminality.

At the sentencing hearing, the district court noted that Lopez-Avila had been involved in crime steadily since he arrived in the United States in 1989 and that he had five pending charges for cocaine trafficking. The court decided that the likelihood of recidivism was very high in Lopez-Avila's case, and that criminal history category VI did not produce a guideline commensurate with the seriousness of Lopez-

2

Avila's criminal record or the likelihood that he would continue to commit crimes in the future. The court then departed from offense level 21 to offense level 23, which yielded a guideline range of 92-115 months. The court then imposed a sentence of 108 months imprisonment.

We review the district court's decision to depart for abuse of discretion. See Koon v. United States, 518 U.S. 81, 98-99 (1996). A district court may depart on the basis of an "encouraged factor" if the applicable guideline does not already take it into account. See United States v. Brock, 108 F.3d 31, 34 (4th Cir. 1997). The sentencing guidelines expressly encourage departure when a defendant's criminal history category, including category VI, does not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit further crimes. See USSG § 4A1.3, p.s. (1998); United States v. Cash, 983 F.2d 558, 560 (4th Cir. 1992). In deciding whether to depart, the court should base its decision not only on the number of prior offenses, but also on their nature, which is often a better indication of the seriousness of the defendant's criminal record. See USSG § 4A1.3; Cash, 983 F.2d at 560-61.

Lopez-Avila argues that the court erred in departing because his prior record was not extraordinary, his burglaries were in reality crimes of stealth rather than crimes of violence, the lenient sentences he received indicate that his prior offenses were not serious, and the district court merely considered the number of his convictions rather than their nature. We disagree. First, the fact that Lopez-Avila received lenient sentences for some of his prior convictions only underscored the number of criminal history points he accumulated in spite of his lenient treatment. Second, the district court rejected Lopez-Avila's argument that his burglaries were crimes of stealth only, noting that a burglar always risks violence. And finally, the district court's findings did not focus primarily on the number of Lopez-Avila's prior convictions or even on the number of criminal history points he earned, but on his demonstrated recidivism and the likelihood that he would continue his criminal conduct in the future. We find no abuse of discretion in the court's decision to depart.

After deciding to depart, the court properly structured the departure by moving down the sentencing table to successively higher offense

levels to find the appropriate guideline range. <u>See</u> USSG § 4A1.3; <u>United States v. Harrison</u>, 58 F.3d 115, 118 (4th Cir. 1995). The court made the necessary findings that the intervening levels were inade-quate to reflect the seriousness of the defendant's prior record and the likelihood that he would commit other crimes. <u>See Cash</u>, 983 F.2d at 562 n.7 (approving procedure described in <u>United States v. Rusher</u>, 966 F.2d 868, 884 (4th Cir. 1992)).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4