UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 00-4453

NASRIN SAADVANDI,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-98-421)

Submitted: March 30, 2001

Decided: May 14, 2001

Before WILKINS, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William B. Moffitt, Henry W. Asbill, ASBILL, JUNKIN, MOFFITT
& BOSS, Washington, D.C., for Appellant. Helen F. Fahey, United
States Attorney, Morris R. Parker, Jr., Assistant United States Attor-
ney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Nasrin Saadvandi appeals her jury convictions and sixty-three month sentence for conspiracy to possess and distribute opium and related offenses. Finding no reversible error, we affirm.

Saadvandi was arrested following a "controlled delivery" of a suitcase containing opium in a hidden compartment. After the delivery, Saadvandi telephoned her ex-husband, notifying him in Farsi, their native language, that "it has come." Saadvandi was arrested after she opened the suitcase. After several hours of interrogation, Saadvandi agreed to assist law enforcement in completing a second controlled delivery to her ex-husband, who accepted the suitcase and was also arrested. Saadvandi raises four issues on appeal concerning her conviction and sentence.

First, Saadvandi claims the district court abused its discretion in not recusing itself based upon comments the court made in ruling against one of Saadvandi's attorneys six years prior. Recusal is governed by 28 U.S.C. § 455 (1994), which provides for disqualification "in any proceeding in which [the court's] impartiality might reasonably be questioned." Due to the passage of time, the court's lack of recollection of the attorney or the prior events, and the lack of personal bias evident in the court's initial ruling, we conclude the district court's impartiality could not reasonably be questioned. *See In re: Beard*, 811 F.2d 818, 827 (4th Cir. 1987). We therefore find the district court did not abuse its discretion in denying the motion to recuse.

Second, Saadvandi claims the district court abused its discretion in limiting cross-examination of a "jailhouse informant" who testified against Saadvandi at trial. *See United States v. Rhynes*, 218 F.3d 310, 315 (4th Cir. 2000) (setting standard of review). Restrictions on the scope of cross-examination are within the sound discretion of the trial court, which has wide latitude to set reasonable limits to prevent harassment, prejudice, or confusion of the issues. *United States v. Ambers*, 85 F.3d 173, 176 (4th Cir. 1996). We find no abuse of discretion in the Court's action.

Third, Saadvandi claims the district court should have awarded a downward departure under *U.S. Sentencing Guidelines Manual* § 5K2.0 (1998) due to her status as a deportable alien. Saadvandi makes two arguments in this regard: (1) her status as a deportable alien makes her ineligible for certain preferred conditions of confinement and Bureau of Prisons programs; and (2) her status as a convicted felon and association with persons employed by the deposed Shah of Iran would subject her to further punishment and possible persecution once she returned to Iran. Saadvandi argued that she would then be punished twice for one offense and offered to voluntarily return to Iran in lieu of a prison sentence.

The district court denied the motion on both arguments. A sentencing court's decision not to depart is not reviewable unless the court's decision not to depart is based on a mistaken view that it lacks the authority to depart. *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999), *cert. denied*, 528 U.S. 1130 (2000); *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990).

With respect to the first argument, the court concluded Saadvandi's circumstances were not outside the heartland of the Guidelines, and, therefore, the court lacked authority to depart. This Court has recognized the availability of a downward departure when alien status increases the severity of a defendant's punishment to a degree that takes her case outside the heartland of the Guidelines. *See United States v. DeBeir*, 186 F.3d 561, 569-70 (4th Cir. 1999); *see also Koon v. United States*, 518 U.S. 81, 96 (1996) (permitting departure where factor not adequately accounted for by the Guidelines). We find the district court did not err in concluding Saadvandi's circumstances are not outside the heartland of the Guidelines. *See United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). With respect to Saadvandi's second argument for departure based on her status as a deportable alien, the district court declined to exercise its discretion to depart; therefore, the court's decision is not reviewable on appeal. *See United States v. Brock*, 108 F.3d 31, 33 (4th Cir. 1997).

Fourth, Saadvandi claims the court should have awarded a downward departure under § 5K2.0 for substantial assistance. The Guidelines, however, adequately account for assistance to the government in § 3E1.1 and § 5K1.1. We find the court was correct in concluding

it lacked authority to depart for factors already adequately considered by the Guidelines. *See Koon*, 518 U.S. at 96. In addition, a § 5K1.1 downward departure is not permitted without a government motion, *United States v. Schaefer*, 120 F.3d 505, 508 (4th Cir. 1997), and the Government has not filed such a motion. For these reasons, we affirm Saadvandi's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*