**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

GERALD CECIL HOOKS,
          *Defendant-Appellant.*

No. 00-4791

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-99-39)

Submitted: June 15, 2001

Decided: July 3, 2001

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, J. W. Hernandez-Cuebas, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Dennis M. Duffy, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Gerald Cecil Hooks appeals from the sentence of sixty-three months imprisonment imposed by the district court upon resentencing. We previously remanded Hooks' case for resentencing because the district court failed to give him adequate notice before departing based on probable losses to five banks, as required under *Burns v. United States*, 501 U.S. 129, 138 (1991). Hooks had photographed stolen checks issued by each bank and stored the images on computer disks.[1] He had created and negotiated counterfeit checks issued by nine other banks. *See United States v. Hooks*, No. 99-4754 (4th Cir. Sept. 14, 2000). On remand, the district court again departed upward by one level, estimating that each of the five banks suffered a loss of $15,020 (the average loss to the nine banks that reported losses due to Hooks' criminal activity). We affirm.

A sentencing court may depart for a factor that is an encouraged basis for departure under the guidelines unless the factor is taken into account in the applicable guideline. *Koon v. United States*, 518 U.S. 81, 94 (1996); *United States v. Brock*, 108 F.3d 31, 34 (4th Cir. 1997). In this case, the guideline applicable to fraud offenses, *U.S. Sentencing Guidelines Manual* § 2F1.1 (2000), takes into account the possibility that the ascertainable monetary loss may not "fully capture the harmfulness and seriousness of the conduct," in which case "an upward departure may be warranted." USSG § 2F1.1, comment. (n.11(c)). Therefore, the district court's decision to depart upward for probable additional monetary losses and for non-monetary harm may be affirmed, providing that its factual determinations supporting the departure are not clearly erroneous, *United States v. Rybicki*, 96 F.3d 754, 757 (4th Cir. 1996), and the extent of the departure is reasonable under the circumstances. *United States v. Terry*, 142 F.3d 702, 707 (4th Cir. 1998).

---

[1]The government never located Hooks' computer.

In this appeal, Hooks challenges not only the one-level departure that he contested in his first appeal, but a two-level departure for non-monetary harm and emotional trauma to individuals whose checks he stole and whose identities he appropriated. Hooks did not raise this issue in his first appeal, nor did he contest this ground for departure at the resentencing. Consequently, he has forfeited appellate review of this departure. *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (mandate rule forecloses relitigation of issues foregone on appeal or otherwise waived).

With respect to the one-level departure for harm to the five banks whose logos were found on Hooks' computer disks, Hooks argues that, because the government produced no evidence of actual harm to these banks, the departure may have been based on factors already taken into account. He also maintains that there was no factual basis for the extrapolation of a $75,000 total loss to these banks.[2] However, the government presented testimony that established that Hooks' photographing of stolen checks issued by the five banks was a preliminary step in the process of creating counterfeit checks bearing the bank logos, and that such checks could have been created and used even though the loss was neither reported nor otherwise discoverable by the government. Therefore, the district court's determination that harm probably resulted did not lack a factual basis.

Hooks argues that the district court could have accounted for unreported losses without departing because Application 9 to § 2F1.1 permits the court to estimate loss if the actual loss amount cannot be determined with precision. We find no error. Had the court added a one-level enhancement under Application Note 9 instead of departing, the result would have been the same. But in departing, the court also relied on a non-monetary harm to the five banks, which it described as a loss in customer confidence in the bank logo. This harm was not

[2]The court decided on a one-level departure by first determining that the average loss to each of the nine banks that had reported losses was $15,022. The court then multiplied that number by five and determined that an additional loss of $75,100 might have occurred, making the possible total loss $210,309. That amount of loss would have supported an eight-level enhancement under § 2F1.1, instead of the seven-level enhancement recommended in the presentence report.

accounted for in Application Note 9, which does not account for non-monetary harm.

Finally, the district court gave a "principled justification" for the extent of the departure, looking to the increase that would be due for a proven loss equal to the estimated loss under § 2F1.1. *United States v. Terry*, 142 F.3d 702, 707 (4th Cir. 1998) (district court must consider rationale and methodology of guidelines in determining reasonable departure). We find that the one-level departure was not unreasonable.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*