UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

JOYCE LEE HIGDON,
        *Defendant-Appellant.*

No. 99-4837

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-96-104-MU)

Submitted: May 31, 2001

Decided: August 3, 2001

Before WILKINS, MICHAEL, and KING, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

R. Deke Falls, LAW OFFICE OF HAROLD J. BENDER, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Joyce Lee Higdon pled guilty to federal escape, in violation of 18 U.S.C. § 751(a) (1994), and was sentenced to twenty-four months imprisonment. Prior to sentencing, Higdon submitted a motion advancing four grounds for a downward departure. The district court denied her motion, and Higdon now appeals from the denial. We vacate the sentence and remand for resentencing.

The appeals court "lacks authority to review a decision of the district court not to depart from the applicable guideline range when that decision rests upon a determination that a departure is not warranted." *United States v. Brock*, 108 F.3d 31, 33 (4th Cir. 1997) (citing *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990)). However, if the court decides not to depart because it believes it lacks legal authority to depart, the court of appeals may review that decision. *See Brock*, 108 F.3d at 33. In this event, the decision of the district court is a legal one, which this Court reviews de novo. *See United States v. Hall*, 977 F.2d 861, 863 (4th Cir. 1992).

Higdon asserted four grounds for a downward departure: (1) non-heartland escape; (2) post-offense good behavior; (3) over-represented criminal history; and (4) absence of an active Sentencing Commission. As to the third ground, over-represented criminal history, the district court clearly recognized its authority to depart, stating that it "disagrees that that is over representative and in the exercise of discretion declines to depart." Therefore, the court's decision not to grant a downward departure on this ground is not reviewable. *See Brock*, 108 F.3d at 33.

On appeal, Higdon asserts, however, that the district court erred in concluding that it did not have the authority to depart on the other three proffered grounds. After reviewing the transcript of the sentencing hearing on the Government's motion to dismiss the appeal, we found the court's ruling ambiguous as to its basis for its refusal to depart downward. We therefore remanded for clarification. By order, the district court clarified its ruling, stating that its "refusal to depart downward was a decision made as a matter of law." We, therefore,

review the district court's refusal to depart downward on those three grounds de novo.

In *Brock*, we stated:

> When a factor has not been forbidden by the Commission—and it is thus a potential basis for departure—in order to determine whether the factor actually may support a departure, the court must ascertain into which of the following categories the factor falls: (1) the factor was encouraged by the Commission as a basis for departure and was either (a) taken into account in the applicable guideline itself or (b) not taken into account in the guideline; (2) the factor was discouraged by the Commission as a basis for departure; or (3) the factor was unmentioned by the Sentencing Commission.

108 F.3d at 34. If the factor is encouraged, and is not taken into account by the applicable guideline, the court may exercise its discretion and depart on that basis. *Id.* If the encouraged factor is taken into account by the applicable guideline, or if the factor is discouraged, departure is permissible only if the factor is "present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Id.* at 34-35. If the factor is neither encouraged nor discouraged, but is listed by the Commission as an appropriate factor to be considered in applying an adjustment to the guideline, the court may depart only if the factor is present to such an exceptional or extraordinary degree that it removes the case from the heartland of situations to which the guideline was fashioned to apply. *Id.* at 35. We further instructed that, if a factor is one that is unmentioned by the guideline, a court must, taking into consideration "the 'structure and theory of both relevant individual guidelines and the [g]uidelines taken as a whole,'" determine whether the circumstances presented are sufficient to remove the case from the heartland of the applicable guideline. *Id.* at 35 (quoting *Koon v. United States*, 518 U.S. 81, 95 (1996)); *see also United States v. Rybicki*, 96 F.3d 754, 757-58 (4th Cir. 1996) (setting out the required analysis).

Because the three grounds for downward departure asserted by Higdon are not forbidden factors under the guidelines, the district

court had the legal authority to depart if it found that departure was warranted. Hence, in accordance with *Koon* and its progeny, it was incumbent upon the district court to make the requisite inquiries. Namely, the court should have first determined whether each relevant factor was encouraged, discouraged, or not mentioned by the Commission. Then, with respect to each factor, the court should have determined whether the circumstances presented were sufficient to warrant a departure using the analysis appropriate for that category. *Brock*, 108 F.3d at 34-35.

Because the district court improperly held that it did not have the authority to depart as a matter of law, and failed to conduct the requisite analysis, we vacate Higdon's sentence and remand for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*