UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 01-4313

JEFFREY JOHNSON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-01-5-F)

Submitted: October 24, 2001

Decided: December 12, 2001

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, David J. Cortes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Jeffrey C. Johnson pled guilty to making threatening telephone
calls in interstate commerce, in violation of 18 U.S.C.A. § 875(c)
(West 2000). During sentencing, the district court determined, with-
out objection, that Johnson's offense level was thirteen, and his crimi-
nal history category was IV, with a guideline range of twenty-four to
thirty months' imprisonment. The district court decided that the likeli-
hood of recidivism was high in Johnson's case, and that criminal his-
tory category IV did not produce a guideline range commensurate
with the seriousness of Johnson's criminal record or the likelihood
that he would continue to commit crimes in the future. Pursuant to
*U.S. Sentencing Guidelines Manual* § 4A1.3, p.s. (2000), the court
departed to criminal history category VI. This departure yielded a
guideline range of thirty-three to forty-one months, and the district
court sentenced Johnson to forty-one months' imprisonment. It is
from this departure that Johnson appeals.

We review the district court's decision to depart for abuse of dis-
cretion. *Koon v. United States*, 518 U.S. 81, 98-99 (1996). A district
court may depart on the basis of an encouraged factor if the applicable
guideline does not already take it into account. *United States v. Brock*,
108 F.3d 31, 34 (4th Cir. 1997). The sentencing guidelines expressly
encourage departure when a defendant's criminal history category
does not adequately reflect the seriousness of his past criminal con-
duct or the likelihood that he will commit further crimes. USSG
§ 4A1.3, p.s.; *United States v. Cash*, 983 F.2d 558, 560 (4th Cir.
1992) (inadequacy of criminal history). In deciding whether to depart,
the court should not base its decision only on the number of prior
offenses, but should consider that their nature is often a better indica-
tion of the seriousness of the defendant's criminal record. USSG
§ 4A1.3, p.s.; *Cash*, 983 F.2d at 560-61.

In stating its reasons for departure, the district court noted first that Johnson's criminal history score failed to take into account two misdemeanor convictions involving conduct similar to the instant offense. Second, the district court determined that the original criminal history score underestimated Johnson's true criminal history because it did not include several dismissed charges involving similar conduct. Finally, the district court held that the original criminal history category did not adequately represent Johnson's potential for recidivism, given that he made obscene phone calls even while undergoing court-sanctioned psychiatric therapy designed to treat his behavior. Johnson specifically takes issue with the first of the district court's three reasons for departure.

Johnson contends that the district court abused its discretion in its allocation of six one-point convictions into the USSG § 4A1.1(c) cap. He claims that the district court arbitrarily included two non-similar conduct convictions for inclusion in the count under USSG § 4A1.1(c), and then departed because there were two prior convictions of similar conduct not previously accounted for. He asserts that if the district court had chosen all four prior convictions of similar conduct for inclusion under USSG § 4A1.1(c), leaving the two unrelated convictions, its professed basis for departure would have been negated because there would have been no prior convictions of similar misconduct not accounted for.

We find the district court did not abuse its discretion. As Johnson admits, the district court was not required to use the prior similar convictions among the four to be counted under USSG § 4A1.1(c), and the sentencing guidelines offer no guidance as to which convictions should be included. The determination of which convictions to include, and which to exclude, is soundly within the district court's discretion. In this case, there were three prior similar conduct convictions, two of which involved a series of threatening calls to the victim. In addition, Johnson was involved in several instances of similar conduct while in a sex offender treatment program, and Johnson's counselor found him to be at high risk for recidivism. The facts that the criminal history calculation did not include several similar conduct charges which were dismissed, and did not reflect Johnson's potential recidivism, are, in and of themselves, valid to support the departure. Because the sentencing guidelines expressly encourage departure

when a defendant's criminal history category does not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit further crimes, USSG § 4A1.3, p.s.; *Cash*, 983 F.2d at 560, departure was warranted.

Accordingly, we affirm Johnson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*