**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RAYON KEBLE GRANT, a/k/a Rayon
Kabie Grant,

*Defendant-Appellant.*

No. 02-4346

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge;
Tommy E. Miller, Magistrate Judge.
(CR-01-201)

Submitted: September 19, 2002

Decided: October 10, 2002

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Larry W. Shelton,
Supervisory Assistant Federal Public Defender, Norfolk, Virginia, for
Appellant. Paul J. McNulty, United States Attorney, Darryl J. Mitch-
ell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Rayon Keble Grant lawfully entered the United States on an immigrant visa in August 1990. He was convicted in 1992 of criminal possession of a controlled substance and in 1993 of illegal possession of a weapon. Grant was deported from the United States to Jamaica in 1996. He reentered without permission in 1999. Following a 2001 arrest in Chesapeake, Virginia, Grant was indicted for illegal reentry, in violation of 8 U.S.C. § 1326 (2000). Grant pled guilty. He was sentenced to thirty months imprisonment, to be followed by three years supervised release. On appeal, counsel for Grant has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he has found no meritorious claims. Grant, informed of his right to file a pro se supplemental brief, has not done so.

Counsel questions whether the district court should have entered an order deporting Grant rather than imposing a sentence of imprisonment. However, as both Grant's counsel and the Government counsel point out, the district court lacks authority to impose deportation as an alternative to a criminal sentence without a request from the United States Attorney. *United States v. Flores-Uribe*, 106 F.3d 1485, 1486 (9th Cir. 1997).

Counsel also challenges whether the district court should have departed downward from the minimum guideline sentence, because Grant reentered the country to care for his children rather than for any criminal purpose. We review the district court's decision not to depart downward for abuse of discretion. *United States v. Brock*, 108 F.3d 31, 33 (4th Cir. 1997). The district court's failure to do so in this case, where no motion to depart was made, is certainly not an abuse of discretion. In addition, a downward departure based on family ties is generally not appropriate. *United States v. Wilson*, 114 F.3d 429, 433 (4th Cir. 1997), and there is nothing extraordinary on the record about Grant's ties to his minor children.

In accordance with *Anders*, we have reviewed the entire record in this case and find no meritorious issues. Therefore, we affirm Grant's conviction and sentence. This court requires that counsel inform his client, in writing, of the client's right to petition the Supreme Court of the United States for further review. If the client requests that such a petition be filed but counsel believes that it would be frivolous to do so, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*